BADGIE LEE SELLARS v. WILLIAM N. SELLARS.

(Filed 4 June, 1954.)

**Divorce and Alimony § 12—**

The court may allow plaintiff possession of the home owned by the parties as tenants by the entireties in fixing alimony *pendente lite* under G.S. 50-16.

Appeal by the defendant from *Sharp, Special Judge,* Special February Civil Term 1954 of Orange.

Civil action instituted by plaintiff for alimony without divorce, and counsel fees under G. S. N. C. 50-16, heard by consent on motion in the cause for alimony *pendente lite* and counsel fees.

The motion was heard on the complaint and affidavits of the plaintiff and the defendant. The court made detailed findings of fact, which are amply supported by competent evidence. These findings of fact are briefly summarized: On 12 December 1953 defendant feloniously assaulted the plaintiff, his wife, with a razor with intent to kill, inflicting upon her serious injuries across her breast and neck by which her health has been impaired; that he had previously assaulted and seriously injured plaintiff; that defendant is addicted to use of whiskey; that plaintiff cannot return to the home owned by them as tenants by the entirety without endangering her life, as long as defendant is in possession. That plaintiff lacks sufficient means to exist pending the trial of this action and to pay counsel fees. That the state of plaintiff's health renders it in the best interest of the plaintiff, and necessary that alimony *pendente lite* to which she is entitled, be allotted to her in the home. That the defendant is an able-bodied man, and earning at least $37.00 a week after deductions and taxes. Whereupon, the court ordered that the defendant on or before 1 March 1954 pay to plaintiff $50.00; pay to her counsel on or before 1 May 1954 $100.00 as counsel fees; and on or before 27 February 1954 vacate the home owned by the parties at 504 Church Street, Chapel Hill, North Carolina,—plaintiff's alimony being allotted to her in the home pending the further orders of the court.

The defendant excepted to the judgment entered, and appealed.

*William S. Stewart and Bonner D. Sawyer for Plaintiff, Appellee.*
*John T. Manning for Defendant, Appellant.*

PER CURIAM. The defendant makes no contention that the evidence fails to support the findings of fact. The argument of the defendant that the court erred in awarding to the plaintiff possession of the home owned by them as tenants by the entirety, has been answered adversely to such contention by this Court in *Wright v. Wright,* 216 N.C. 693, 6 S.E. 2d 555, and upon the authority of that case the judgment of the court below is

Affirmed.