BEN F. AYCOCK v. THERMAN L. RICHARDSON AND GLENN A. WINECOFF.

(Filed 20 November, 1957)

**Appeal and Error § 11—**

G.S. 1-279 requiring that an appeal from a judgment rendered in term be taken within ten days after its rendition unless appeal is taken at the trial, and G.S. 1-280 which requires that appellant shall cause his appeal to be entered by the clerk on the judgment docket and notice thereof be given the adverse party, are jurisdictional, and when not complied with the Supreme Court obtains no jurisdiction of a purported appeal and must dismiss it.

PURPORTED APPEAL from *Gwyn, J.,* at June 1957 Civil Term, of CABARRUS.

Civil action by plaintiff to recover of defendants personal injury and property damage resulting from alleged actionable negligence of defendants in automobile collision at about 6:20 a.m. on 13 August, 1955, in which defendants answering deny

allegations of negligence against them as set forth in complaint of plaintiff, and plead contributory negligence of plaintiff; and allege cross-action and counterclaim for damages arising out of same automobile collision.

Upon trial in Superior Court plaintiff and defendants each offered evidence bearing upon their respective contentions, and the case was submitted to jury upon issues arising upon the pleadings. The jury for verdict found that the plaintiff was not injured and damaged by the negligence of defendant, as alleged; and, further, that defendants were not injured and damaged as a result of the negligence of the plaintiff, as alleged in the counterclaim and cross-action. Thereupon the court rendered judgment that plaintiff have and recover nothing of defendants in this action, and that defendants recover nothing of plaintiff, and that plaintiff be taxed with the costs of court.

The record and case on appeal do not show that an appeal to Supreme Court was taken at the trial from the judgment so rendered; nor does the record on appeal show notice of such appeal having been given to defendants, and they direct attention to the state of the record.

*Llewellyn & Green, M. B. Sherrin for plaintiff appellant.*
*John Hugh Williams for defendants appellees.*

PER CURIAM. It is provided by statute, G.S. 1-279, that the appeal from a judgment rendered in term must be taken within ten days after its rendition, unless the record shows an appeal taken at the trial, which is sufficient. And it is provided by statute, G.S. 1-280, that within the time prescribed in G.S. 1-279 the appellant shall cause his appeal to be entered by the Clerk on the judgment docket and notice thereof to be given to the adverse party unless the record shows an appeal taken or prayed at the trial, which is sufficient.

Interpreting these two statutes the Court holds the provisions are jurisdictional, and unless complied with this Court acquires no jurisdiction of the appeal, and must dismiss it. See *Mason v. Commrs. of Moore,* 229 N.C. 626, 51 S.E. 2d, 6, and cases cited.

Moreover, the Clerk of this Court, at its direction, has obtained from Clerk of Superior Court of Cabarrus County certificate in which he certifies that: "I have examined the minutes in the above entitled action; that said minutes contain no entries of appeal either by the plaintiff or by the defendant."

Nevertheless, in case in hand, the Court has reviewed the record and purported case on appeal, and finds no prejudicial error. The case appears to have been fairly and fully presented to the

jury, and the jury has found that neither plaintiff nor defendants were guilty of negligence proximately causing the alleged injuries and damage.

Appeal dismissed.