GLADYS HARRELL v. WALTER R. HARRELL, JR.

(Filed 13 December, 1961.)

**Divorce and Alimony § 18—**

> An allowance of subsistence and counsel fees to the wife *pendente lite* and an allowance to her of monthly support for the child of the marriage in her custody, will not be disturbed on appeal when supported by the court's findings of fact, notwithstanding that definite details as to the earnings of the husband were not available, the amounts being reasonable upon the facts found and the order being subject to modification upon motion.

BOBBITT and HIGGINS, JJ., dissent.

APPEAL by defendant from *Johnston, J.,* (Resident Judge) March 18, 1961, in Chambers at the Forsyth County Courthouse (Order signed April 26, 1961), of FORSYTH.

Civil action instituted in the Superior Court of Forsyth County on the 13th day of April, 1960, under G.S. 50-16, for alimony without divorce, property settlement, custody of child and attorney's fees.

Thereafter, as stated in brief of defendant appellant, pursuant to notice, a number of hearings were held before the Resident Judge upon plaintiff's application for subsistence and counsel fees during the pendency of this cause. And on 5 August, 1960, an order of compulsory reference was entered, to which defendant excepted. This order was reviewed by this Court at the Fall Term of 1960, and the order of compulsory reference was vacated and the cause remanded for further proceedings in accordance with law. See case reported as *Harrell v. Harrell* in 253 N.C., at page 758, 117 S.E. 2d 728.

And the record discloses that the cause came on for hearing before Johnston, J., upon application of plaintiff for alimony *pendente lite,* for support for the minor child born of the marriage, and for custody of the child, "and after full consideration of the evidence presented by both the plaintiff and the defendant, and after hearing arguments by counsel for plaintiff and arguments by counsel for defendant, the court makes the following findings of facts:

"1. That the plaintiff and the defendant are citizens and residents of Forsyth County, North Carolina.

"2. That the plaintiff and the defendant were married on December 30, 1954, and separated on March 10, 1960.

"3. That Walter Harrell, III, was born to the marriage of these parties on July 27, 1955, and that he is now five years old and that Walter Harrell, III, is now in the care and custody of the plaintiff and has been in the care and custody of the plaintiff continuously since March 10, 1960.

"4. That because of the defendant's excessive use of intoxicating beverages and because of his abusive treatment of the plaintiff, and other conduct of the defendant as alleged in plaintiff's complaint, defendant forced plaintiff to separate herself and their child from the defendant and that by so doing the defendant wrongfully abandoned his wife and child. That since such wrongful abandonment of the plaintiff by the defendant, the defendant has failed to furnish adequate support to the plaintiff and to Walter Harrell, III, and has failed to furnish plaintiff with subsistence in accordance with his means and condition in life.

"5. That the defendant is a strong, able-bodied man who operates W. R. Harrell Produce Company, a corporation organized and existing under the laws of the State of Florida, and that the defendant has annual earnings in excess of $15,000.00 per year.

"6. That the plaintiff is the mother of Walter Harrell, III, and has had the sole and exclusive custody of Walter Harrell, III, since March 10, 1960. The court finds as a fact that the plaintiff is a fit and proper person to have sole and exclusive custody of said minor child and that it would be to the best interest of said minor child to remain in the custody of the plaintiff.

"7. It appearing to the court that the plaintiff should be allowed as temporary subsistence for herself the sum of $200.00 per month and for the maintenance and support of the minor child born to the marriage the sum of $200.00 per month, and it further appearing that the plaintiff is a fit and proper person to have the custody of said child and that the sole and exclusive custody of the child should be awarded to the plaintiff."

Thereupon, the court "Ordered, Adjudged and Decreed that the plaintiff shall have, and the same is hereby allowed the sum of $200.00 per month as temporary subsistence for herself and the sum of $200.00 per month for the maintenance and support of the child born of the marriage, and first payment to be made on April 1, 1961, and on the first of each succeeding month."

The court further ordered, adjudged and decreed in pertinent part that the amount of $700.00 is to be paid as reasonable attorney's fee in this matter by the defendant.

The defendant objects to the signing of the order allowing the plaintiff the temporary subsistence, counsel fees and court costs pending the determination of this action. The objection was overruled. Defendant excepts. Defendant moves that said order be set aside. Motion overruled. Defendant excepts, and appeals to Supreme Court, and assigns error.

*Robert B. Wilson, Jr., for plaintiff appellee.*
*W. Scott Buck for defendant appellant.*

WINBORNE, C.J.    In disposing of the former appeal this Court had this to say: "* * * Pending the trial and final determination of the issues in an action for alimony without divorce, the wife may apply to the court for reasonable subsistence and attorney's fees to be secured from the husband's estate or earnings, according to his condition and circumstances." Indeed, "Any allowance ordered may be modified or vacated at any time, on the application of either party. G.S. 50-16. The purpose of the allowance for attorney's fees is to put the wife on substantially even terms with the husband in the litigation (citing *Mercer v. Mercer,* 253 N.C. 164, 116 S.E. 2d 443). The amount of the allowance for subsistence *pendente lite* is for the trial judge. He has full power to act without intervention of a jury, and his discretion in this respect is not reviewable, except in case of manifest abuse of discretion. (Citing *Mercer v. Mercer, surpra; Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226). The granting of an allowance and the amount thereof does not necessarily depend upon the earnings of the husband. One who has no income but is able-bodied and capable of earning may be ordered to pay subsistence. (Citing cases).

"The provision for temporary subsistence pending the trial on the merits does not involve an accounting between husband and wife. It is not designed to determine property rights or to finally ascertain what alimony the wife may be entitled to in the event she prevails on the merits. Its purpose is to give her reasonable subsistence pending trial and without delay * * *."

And in closing the opinion *Moore, J.,* speaking for the Court, declared: "The Court has jurisdiction of the parties and has plenary power and authority to require the disclosure of any information within their knowledge or available to them bearing upon a temporary allowance. It is not necessary that the parties agree as to what the husband's income is. The findings of the court will not be disturbed if based on competent evidence. *Mercer v. Mercer, supra.*"

Moreover, it must be borne in mind that the allowance, as stated above, is subject to modification from time to time. In that light, it may not be amiss to grant allowance *pendente lite.* The parties may seek modification accordingly. It is apparent that definite details are not available.

The specific assignments of error have been given due consideration and are found to be without merit.

Hence the judgment from which appeal is taken is
Affirmed.

BOBBITT and HIGGINS, JJ., dissent.