DOROTHY LEWIS GRIFFITH v. DAVID GRIFFITH.

(Filed 3 November, 1965.)

1. Divorce and Alimony § 18—

Where the husband does not assert adultery as a bar to the wife's right to alimony *pendente lite*, the court is not required to find the facts, either in denying or in granting subsistence *pendente lite*, and its order denying subsistence and counsel fees *pendente lite* will not be disturbed in the absence of a showing of abuse of discretion or error of law.

2. Same; Trial § 29—

The wife, upon the denial of her motion for subsistence and counsel fees *pendente lite* may take a voluntary nonsuit of her action for alimony without divorce and custody of the children of the marriage, the husband having filed no pleading and not having asserted any claim or demanded any relief against the plaintiff.

APPEAL by plaintiff from *Lupton, J.,* July 19, 1965 Special "C" Session, MECKLENBURG Superior Court.

The plaintiff, Dorothy Lewis Griffith, instituted this civil action against her husband, David Griffith, for temporary and permanent alimony without divorce, for counsel fees, and for the custody of the two children of the parties. The complaint alleged in substance the parties were married in December, 1959. On June 21, 1965, by reason of the cruel, unjust, and unprovoked conduct of the defendant (giving details), the plaintiff, with the two children, was forced to leave the home where the parties had lived, the title to which was held as an estate by the entireties.

The plaintiff instituted this action the day of the separation. On her motion, Judge Campbell issued an order, returnable before Judge Lupton, requiring the defendant to appear and show cause why he

should not be required to pay to the plaintiff for herself and the children suitable support and attorneys' fees pending trial on the merits and be required to surrender possession of the home to the plaintiff for the use of herself and the children.

The defendant did not answer. However, he did appear at the hearing and testified as a witness. In his testimony he admitted some of the plaintiff's allegations, denied a few of them, and explained others. He admitted the plaintiff is of excellent character, a good mother, and a suitable custodian for the children. The plaintiff testified, admitted that she was working as a teacher of piano, and was making a substantial salary.

At the conclusion of the hearing, Judge Lupton found that each parent was a suitable custodian for the children but their best interest required that they be placed in the custody of the plaintiff.

Judge Lupton denied the plaintiff any *pendente* allowance. However, he did require that the defendant pay her $450.00 per month for the support of the children and awarded her attorneys $500.00 as compensation for representing her.

At the conclusion of the hearing the plaintiff requested the court for permission to take a voluntary nonsuit and tendered a judgment to that effect. The court refused to sign the judgment. The plaintiff excepted and appealed.

*Warren C. Stack, James L. Cole for plaintiff appellant.*

*Herbert, James & Williams by Henry James, Jr., for defendant appellee.*

HIGGINS, J. The parties agree that only two questions are presented by this appeal: (1) Did the court commit error in refusing to award the plaintiff alimony *pendente lite* and the possession of the home? (2) Did the court commit error in refusing to let the plaintiff take a nonsuit?

The record discloses that the court conducted the hearing during a session of the Superior Court. The evidence disclosed that the plaintiff had left the home with the two children and that the plaintiff had a substantial income as a music teacher. The defendant not only failed to file any answer or make any charge as to the plaintiff's misconduct, but, on the contrary, testified she was of good character, a good mother, and a fit custodian for the children. Under these circumstances the court was not required to make findings of fact as a basis for its denial of the alimony *pendente lite. Creech v. Creech,* 256 N.C. 356, 123 S.E. 2d 793; *Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436. The rule applies whether alimony is allowed or is de-

GRIFFITH *v.* GRIFFITH.

nied. *Byerly v. Byerly,* 194 N.C. 532, 140 S.E. 158. Subsistence and counsel fees *pendente lite* are within the discretion of the court. Decision is not reviewable except for abuse of discretion or for error of law. *Deal v. Deal,* 259 N.C. 489, 131 S.E. 2d 24; *Harrell v. Harrell,* 256 N.C. 96, 123 S.E. 2d 220. The foregoing decisions sustain the refusal of the court to award alimony *pendente lite* and to order the home surrendered to the plaintiff.

Left for decision, however, is the question whether the court committed error in refusing to permit the plaintiff to take a voluntary nonsuit. Ordinarily, a plaintiff who appeals to a trial court for relief (other than by a proceeding *in rem)* may withdraw the claim and get out of court by taking a voluntary nonsuit. This he may do as a matter of right unless the defendant has asserted some claim or cross action entitling him to affirmative relief. In such event the defendant is entitled to keep the action before the court until his claim is litigated. For citation of authorities, see Strong's North Carolina Index, Vol. 4, Trial, § 29, p. 325. The rule applies to actions for divorce and alimony as in other cases. *Scott v. Scott,* 259 N.C. 642, 131 S.E. 2d 478.

In this case the defendant has not answered and has not asserted any claim or demanded any relief against the plaintiff.

Apparently defense counsel and the court were led astray on the question of nonsuit by what this Court said in *Briggs v. Briggs,* 234 N.C. 450, 67 S.E. 2d 349. In that case, as in this, the wife brought suit for alimony without divorce. While the case was before the court on a motion for a *pendente* allowance, the court denied the motion but, over plaintiff's objection, entered judgment dismissing her action. This Court held the trial court was without jurisdiction to dismiss the action because the plaintiff, notwithstanding the denial of the *pendente lite* claim, nevertheless had the right to pursue her claim for permanent alimony and have the facts heard and the issues answered by the jury. In *Briggs,* the Court held the plaintiff could not be thrown out of court over her objection at the *pendente* hearing. But the holding does not at all mean the plaintiff in such event may not take a voluntary nonsuit and get out of court of her own volition. The *Briggs* case holds nothing more than that she cannot be thrown out over her objection.

The defendant in this case does not assert any claim and does not demand any affirmative relief. This being so, the plaintiff had the right to take a voluntary nonsuit. The court committed error when it denied her that right. The judgment is

Reversed.