MARTHA LAUGHLIN TEAGUE v. ROGER EDGAR TEAGUE.

(Filed 14 January, 1966.)

1. **Appeal and Error § 11—**

Notice of appeal must be served upon appellee within 10 days as a jurisdictional requirement. G.S. 1-279, G.S. 1-280.

2. **Appeal and Error § 12—**

Where notice of appeal is not served within the time required, the case remains in the Superior Court which may dismiss the attempted appeal.

3. **Divorce and Alimony § 16—**

The complaint in this case *held* to state a cause of action for alimony without divorce under G.S. 50-16.

4. **Divorce and Alimony § 16—**

Where the affidavits and verified pleadings support order for subsistence *pendente lite* and the award of custody of the children of the marriage, and there is no charge that the wife was unfaithful and no request for findings of fact, detailed findings are not required.

5. **Divorce and Alimony § 21; Contempt of Court § 3—**

Where an order to show cause is issued by one judge and, without notice to the contemner, such judge transfers the proceeding and orders it to be heard by another Superior Court judge, the order of contempt issued by such other judge must be set aside, since contemner is entitled to notice and an opportunity to be heard.

APPEAL by defendant from orders of *Gambill, J.,* entered April 5 and May 10, 1965, and order of *Shaw, J.,* entered July 8, 1965, in the Superior Court of GUILFORD County.

The plaintiff, wife, instituted this civil action against the defendant, her husband, for alimony without divorce, for the custody of the two children, Linda Jane Teague, age 15, and Roger Darrell Teague, age 10, for counsel fees and for temporary allowance for herself and the children, including the use of the home. She alleges she has been a dutiful wife and gave the defendant no cause whatever for his abandonment, separation, and his misconduct, giving details. The plaintiff alleges abandonment, the defendant's ability and his failure to support the plaintiff and the children. She further alleges his constant and continued attention to his "lady friend" disrupted the home and so upset Linda Jane that she required hospitalization and medical treatment on several occasions.

The defendant, by answer, denied his abandonment, misconduct, etc., and alleged that the plaintiff's "temper tantrums" caused their differences. On April 5 (all dates being in 1965) Judge Gambill conducted a hearing based on affidavits and the verified pleadings. No question as to the plaintiff's character being raised, and in the absence of a request, Judge Gambill did not record specific findings of fact but concluded the plaintiff and the children were entitled to support in the amount of $40.00 per week. The award included an allowance of $100.00 to plaintiff's counsel. No exceptions or appeal entries were then made. However, the record indicates that on April 27 exceptions and notice of appeal were served on the plaintiff and her attorney. On that day Judge Gambill, upon verified motion, issued an order requiring the defendant to appear before him on May 4 and show cause why he should not be adjudged in contempt for failure to make the weekly payments and counsel fees as required in the order of April 5. The defendant filed a verified reply to the motion, alleging partial payment, and inability to comply fully with the order. On May 10 Judge Gambill found:

"7. That Case on Appeal to the Supreme Court was filed in the Superior Court on April 27, at 4:05 o'clock p.m. and served on the counsel for the plaintiff on the same day. . . .

"11. That the Court as a result of the defendant's appeal is without power or authority to hold the defendant in contempt for failure to comply with its order, but that the court has the power and authority to order execution against the personal property of the defendant to wit, the Buick automobile and order it sold and proceeds applied to amount due for support and for counsel fees."

On June 2, on plaintiff's motion and after hearing, Judge Shaw entered an order dismissing the appeal on the ground that neither the plaintiff nor the plaintiff's attorney had been served with notice of the appeal within the prescribed time.

On June 8 the plaintiff filed before Judge Gambill a petition alleging defendant had wilfully failed to make the payments required in the June 5 order; that he had encumbered the Buick automobile before it could be sold. Judge Gambill issued a show cause order as prayed for and set the hearing to be held June 15, at 2:00 p.m. The order and petition were served on defendant by the Sheriff. However, Judge Gambill transferred the show cause proceeding and ordered it heard by Judge Shaw. The record does not show the defendant or his counsel consented to the transfer, had any notice thereof, or attended the hearing. The record clearly indicates the contrary. The defendant challenges the validity of the contempt hearing before Judge Shaw by Exception No. 18 upon the ground he had no notice of the hearing and no opportunity to be heard. He contends the first knowledge he had of the transfer and hearing before Judge Shaw, was the order of arrest served on him by the Sheriff on July 12. The defendant's case on appeal was served on the plaintiff's attorney on August 2. It was certified to this Court on October 25. The appeal referred to in Judge Gambill's finding No. 7 appears never to have been perfected.

B. Gordon Gentry for plaintiff appellee.
Cahoon & Swisher by Robert S. Cahoon, James L. Swisher for defendant appellant.

HIGGINS, J. The record is far from satisfactory. For example, Judge Gambill seems to have concluded that the exceptions and notice of appeal served on the plaintiff and her counsel on April 27 were sufficient to remove the case from the Superior Court to this Court. Actually, appeal notice was not given at the time the order was entered. G.S. 1-279 and 280, when construed together, required the defendant to serve notice of the appeal within 10 days. "The provisions are jurisdictional and unless complied with this Court acquires no jurisdiction of the appeal and must be dismissed." Aycock v. Richardson, 247 N.C. 233, 100 S.E. 2d 379. Since this Court acquired no jurisdiction, the case was still in the Superior Court and the attempted appeal was subject to be dismissed there. Judge Shaw's order to that effect was not error. Walter Corp. v. Gilliam, 260 N.C. 211, 132 S.E. 2d 313.

The complaint states a cause of action under G.S. 50-16 and complies fully with the authorities in this jurisdiction. Murphy v. Murphy, 261 N.C. 95, 134 S.E. 2d 148; Deal v. Deal, 259 N.C. 489, 131 S.E. 2d 24; Creech v. Creech, 256 N.C. 356, 123 S.E. 2d 793; Bailey v. Bailey, 243 N.C. 412, 90 S.E. 2d 696; Ollis v. Ollis, 241 N.C. 709, 86 S.E. 2d 420; Lee's N. C. Family Law, Vol. 1, § 80. The

demurrer *ore tenus* which the defendant filed in this Court is over-ruled.

The affidavits and pleadings before Judge Gambill furnish ample proof of the needs of the plaintiff and the children, the ability and the failure of the defendant to make reasonable provision for them. The evidence establishes the plaintiff's suitability for the custody of the children. The court, it is true, did not make detailed findings of fact. There was no request for such findings and no charge of the plaintiff's unfaithfulness. *Griffith v. Griffith,* 265 N.C. 521, 144 S.E. 2d 589; *Harrell v. Harrell,* 256 N.C. 96, 123 S.E. 2d 220; *Byerly v. Byerly,* 194 N.C. 532, 140 S.E. 158.

The show cause order issued by and returnable before Judge Gambill was properly issued after the appeal entries had been removed upon the showing that appeal had not been perfected. Nevertheless, the record fails to disclose the defendant had any notice of the transfer before Judge Shaw for hearing, at which neither the defendant nor his counsel was present. He was entitled to notice of the hearing and an opportunity to be heard before a judgment of wilful contempt could be entered against him. He contends he was in Judge Gambill's court according to the order served on him and when Judge Gambill adjourned court without calling his case he went back to work. The sheriff's order of arrest for service of the contempt judgment was his first notice that the proceeding was ever before Judge Shaw. At least these are his contentions. The record here fails to show notice and an opportunity to be heard. The challenge to the judgment on that ground is sustained.

The condition of the record requires that we vacate the order adjudging the defendant in contempt. We find no error in the record otherwise. When the cause is returned to the Superior Court it may be disposed of in the manner approved by this Court in *Joyner v. Joyner,* 256 N.C. 588, 124 S.E. 2d 724.

Order of contempt reversed.

The proceeding in other particulars is affirmed.