EDNA T. DUNN, ADMINISTRATRIX OF THE ESTATE OF ARNOLD LEWIS DUNN, DECEASED, v. NORTH CAROLINA STATE HIGHWAY COMMISSION.

(Filed 20 March 1968.)

**1. Appeal and Error § 14—**

G.S. 1-279 requiring that an appeal from a judgment rendered in term be taken within ten days after its rendition unless appeal is taken at the trial, and G.S. 1-280 which requires that appellant shall cause his appeal to be entered by the clerk on the judgment docket and notice thereof to be given the adverse party, are jurisdictional, and when not complied with, the Court of Appeals acquires no jurisdiction of the appeal and must dismiss it.

**2. Same; Notice § 1—**

The fact that plaintiff's attorney did not receive actual notice of a judgment entered in term until more than ten days after the rendition of the judgment does not remove plaintiff's responsibility to comply with G.S. 1-279, since plaintiff was charged with notice of all proceedings in the cause during the session.

**3. Master and Servant § 93—**

The findings of fact of the Industrial Commission, except for jurisdictional findings, are conclusive on appeal when supported by competent evidence, even though there is evidence to support findings to the contrary.

PURPORTED appeal by plaintiff from *Brewer, J.,* from judgment entered at the September 1967 Session of the Superior Court of HARNETT County; and purported appeal by plaintiff from judgment of Brewer, J., entered in Chambers on 18 December 1967.

The record discloses that on 1 December 1965, at approximately 7:45 p.m., plaintiff's intestate was traveling east on rural-paved road 1799 in Harnett County when his car ran off the road and he was fatally injured.

Plaintiff filed a claim with the Industrial Commission against

defendant, State Highway Commission, alleging negligence on the part of Highway Commission employees, in that they left holes in said road and allowed dirt to be piled up on the shoulder and on the edge of the pavement on said road. Defendant filed answer denying plaintiff's allegations of negligence and alleging contributory negligence on the part of plaintiff's intestate.

The Hearing Commissioner rendered a decision denying plaintiff's claim for damages after finding no negligence on the part of defendant's employees and that decedent's death resulted from the operation of his automobile at a high and excessive rate of speed.

Plaintiff appealed to the full Commission which, with one commissioner dissenting, adopted as its own the findings of fact, conclusions of law, and award rendered by the Hearing Commissioner.

Plaintiff appealed to the Superior Court of Harnett County where the matter came on for hearing on 10 September 1967 during the September 1967 Civil Session. During said session, on 19 September 1967, Judge Brewer entered judgment in which he confirmed and sustained the findings of fact, conclusions of law, and award of the Industrial Commission.

On 17 October 1967, plaintiff's attorney gave notice of appeal to this Court from the aforesaid judgment. Thereafter, defendant filed a motion in the Superior Court of Harnett County asking that said appeal be dismissed for that notice of appeal was not given within ten days after entering of judgment as required by G.S. 1-279 and G.S. 1-280.

The motion to dismiss was heard by consent before Judge Brewer on 18 December 1967. On said date, Judge Brewer entered judgment finding, *inter alia*, that the cause came on for trial at the September 1967 Session of the Superior Court of Harnett County, that judgment was rendered during said term in favor of the defendant and against the plaintiff, that plaintiff's attorney received a copy of said judgment through the mail from the clerk of said court at his office in Smithfield, N. C., on 9 October 1967, and that plaintiff gave notice of appeal to the Court of Appeals on 17 October 1967. Said judgment further found that plaintiff failed to give notice of appeal in apt time as required by law and ordered that the action be dismissed.

Plaintiff excepted to the signing of said judgment and gave notice of appeal therefrom in open court.

*Joseph H. Levinson, Attorney for plaintiff appellant.*

*Thomas Wade Bruton, Attorney General, and Fred P. Parker, III, Staff Attorney, for defendant appellee.*

BRITT, J. It is provided by statute, G.S. 1-279, that the appeal from a judgment rendered *in term* must be taken within ten days after its rendition, unless the record shows an appeal taken at the trial, which is sufficient. And, it is provided by statute, G.S. 1-280, that within the time prescribed in G.S. 1-279, the appellant shall cause his appeal to be entered by the clerk on the judgment docket and notice thereof to be given to the adverse party unless the record shows an appeal taken or prayed at the trial, which is sufficient.

Interpreting these two statutes, the Supreme Court of North Carolina has held that these provisions are jurisdictional, and unless complied with, the Supreme Court acquires no jurisdiction of the appeal and must dismiss it. *Aycock v. Richards,* 247 N.C. 233, 100 S.E. 2d 379 (1957). See also *Mason v. Commissioners of Moore,* 229 N.C. 626, 51 S.E. 2d 6, and cases cited. The Court of Appeals is bound by the same principle of law.

Judge Brewer's findings indicate that plaintiff's attorney did not receive actual notice of the judgment entered at the September 1967 Session until 9 October 1967. This finding does not alleviate plaintiff's predicament. When a civil action is regularly calendared for hearing at a session of court, all parties are bound to take notice of all motions made and proceedings had in the action in open court during the session. *Speas v. Ford,* 253 N.C. 770, 117 S.E. 2d 784 (1960); *Collins v. Highway Comm.,* 237 N.C. 277, 74 S.E. 2d 709. Therefore, plaintiff was charged with the responsibility of giving notice of appeal within ten days after 19 September 1967. Judge Brewer's order dated 18 December 1967, which had the effect of dismissing plaintiff's purported appeal, was proper. *Teague v. Teague,* 266 N.C. 320, 146 S.E. 2d 87.

Nevertheless, in this case, this Court has carefully reviewed the record on appeal and finds no prejudicial error.

It is well settled that the Industrial Commission's findings of fact are conclusive on appeal when supported by competent evidence, except for jurisdictional findings. This is true even though there is evidence which would support findings to the contrary. *Bailey v. Dept. of Mental Health,* 272 N.C. 680, 159 S.E. 2d 28 (1968); *Mica Co. v. Bd. of Ed.,* 246 N.C. 714, 100 S.E. 2d 72.

There was sufficient competent evidence before the Hearing Commissioner to support his decision and order.

The judgment of Judge Brewer dismissing the action is
Affirmed.

MALLARD, C.J., and BROCK, J., concur.