MARGARET H. RADFORD v. BRUCE P. RADFORD

No. 7010DC117

(Filed 1 April 1970)

1. **Divorce and Alimony § 16— right to alimony — abandonment by husband — cruel treatment of wife and daughter — fear of safety**

   Plaintiff wife's right to alimony was established by the trial court's findings, supported by competent evidence, that defendant husband without provocation assaulted and threatened to kill plaintiff and their minor daughter and through his cruel treatment compelled them to leave the home for fear of their safety, and the findings are binding on appeal.

2. **Divorce and Alimony § 16— dependent spouse — right to alimony — separate income**

   Findings that plaintiff wife worked and had a separate income did not preclude the trial court from determining that plaintiff was a dependent spouse and that defendant was a supporting spouse, where there was plenary evidence to show that she was substantially dependent upon defendant and in substantial need of his support. G.S. 50-16.1(3).

APPEAL from *Barnette, District Judge,* 22 September 1969 Session of WAKE County District Court.

Plaintiff instituted this action for alimony, custody and support on 12 October 1967 in the Superior Court of Wake County. On 2 December 1968 the cause was transferred by proper order to the District Court Division pursuant to G.S. 7A-259. The case was thereafter regularly calendared for trial on the merits and was heard by Judge Henry V. Barnette, Jr. without a jury at the regular August 1969 Civil Session of Wake County District Court. Both parties

presented evidence from which the court made findings and conclusions adverse to the defendant and entered final judgment awarding permanent alimony in the sum of $50 a month and counsel fees of $100 for plaintiff's attorney. Defendant appealed.

Jacob W. Todd for plaintiff appellee.
Alton W. Kornegay for defendant appellant.

GRAHAM, J.

Defendant does not challenge the sufficiency of the court's findings but contends that they are not supported by competent evidence.

[1] The complaint alleged and the plaintiff offered evidence tending to show that on 18 August 1967 defendant without provocation assaulted and threatened to kill plaintiff and their minor daughter and through his cruel conduct compelled them to leave the home in fear for their safety. This evidence, if found to be true by the court sitting without a jury, established plaintiff's right to alimony. *Gaskins v. Gaskins*, 273 N.C. 133, 159 S.E. 2d 318. Defendant denied in his answer and in his testimony at the trial any misconduct toward his family. However, the court accepted plaintiff's version and made findings which are supported by the evidence and which entitle plaintiff to the relief granted. The findings are therefore conclusive on appeal. *Teague v. Teague*, 272 N.C. 134, 157 S.E. 2d 649; *Thomas v. Thomas*, 259 N.C. 461, 130 S.E. 2d 871.

[2] Defendant argues that the court erred in determining that plaintiff was a dependent spouse and that defendant was a supporting spouse in view of findings that plaintiff worked and had a separate income. This contention is without merit. G.S. 50-16.1(3) describes a dependent spouse as a husband or wife "who is actually *substantially* dependent upon the other spouse for his or her maintenance and support or is *substantially* in need of maintenance and support from the other spouse." (Emphasis added). A husband is deemed to be the supporting spouse unless he is incapable of supporting his wife. G.S. 50-16.1(4). Even though plaintiff had a small separate income there was plenary evidence to show that she was substantially dependent upon defendant and in substantial need of his support.

We have carefully examined each of defendant's assignments of error, and in the entire trial we find no error.

No error.

BROCK and BRITT, JJ., concur.