BARBARA SPEAS PEOPLES v. MICHAEL PEOPLES

No. 7121DC128

(Filed 24 February 1971)

**1. Divorce and Alimony § 22— child custody and support — procedure**

It is proper to seek custody and support of a minor child in an action for divorce from bed and board. G.S. 50-13.5(b)(3).

**2. Divorce and Alimony § 23— child support — duty of father**

Nothing else appearing, the father is primarily liable for the support of a minor child. G.S. 50-13.4(b).

**3. Rules of Civil Procedure § 52; Divorce and Alimony § 18— alimony pendente lite — findings of fact**

Rule 52 of the Rules of Civil Procedure entitled "Findings by the Court" does not apply in awarding alimony *pendente lite.*

Peoples v. Peoples

**4. Divorce and Alimony § 18— alimony pendente lite — necessity for findings of fact**

Upon an application for alimony *pendente lite*, the trial judge is required to find the facts from the evidence presented. G.S. 50-16.8(f).

**5. Divorce and Alimony § 18— alimony pendente lite — findings of fact**

The facts found in alimony *pendente lite* case must be determinative of all the questions at issue in the proceeding.

**6. Appeal and Error § 57— necessity for findings of fact — prejudicial error**

A failure to make a proper finding of fact in a matter at issue between the parties will result in prejudicial error, especially where the evidence is conflicting.

**7. Divorce and Alimony § 18— alimony pendente lite — requisites of finding of fact**

A finding of fact in an alimony *pendente lite* matter is a narrative statement by the trial judge of the ultimate fact at issue and need not include the evidentiary or subsidiary facts required to prove the ultimate facts.

**8. Divorce and Alimony §§ 8, 18— divorce from bed and board — alimony — abandonment — sufficiency of findings**

In the wife's action for divorce from bed and board and for alimony *pendente lite*, findings that the husband left the home on a certain date, had abandoned the wife, and had failed to provide adequate support for the wife were a narrative statement of some of the ultimate facts in issue and were not conclusions.

**9. Divorce and Alimony § 18— alimony pendente lite—dependent spouse— supporting spouse — sufficiency of findings**

In the wife's action for alimony *pendente lite*, a purported finding by the trial judge that "the plaintiff is a dependent spouse and the defendant is a supporting spouse within the meaning of G.S. 50-16.1" was a conclusion that was not supported by a finding of fact; consequently, the trial court's award of alimony *pendente lite* must be remanded for specific findings of fact on these issues. G.S. 50-16.1(3),(4).

**10. Divorce and Alimony § 18— alimony pendente lite — dependent spouse — requisite findings of fact**

To support an award of alimony *pendente lite* to a dependent spouse, there must be factual findings that (1) the dependent spouse is entitled to such relief and (2) the dependent spouse does not have sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof. G.S. 50-16.3(a)(1),(2).

11. **Divorce and Alimony § 18— alimony pendente lite — insufficient findings — ability of wife to support herself**

In the wife's action for alimony *pendente lite* failure of the trial court to make factual findings as to whether the wife had sufficient means whereon to subsist during the prosecution of her suit and to defray the necessary expenses thereof, *held* prejudicial error. G.S. 50-16.3 (a) (2).

12. **Divorce and Alimony § 18; Appeal and Error § 26— award of alimony pendente lite — assignment of error to the signing of the order — questions presented**

An assignment of error that the trial judge erred in signing and entering the order allowing alimony *pendente lite* does not challenge that part of the order awarding custody and support of the child, but it does present the questions of whether error of law appears on the face of the record and whether the factual findings support the order awarding alimony *pendente lite*.

APPEAL by defendant from *Clifford, District Court Judge,* 20 August 1970 Session of District Court held in FORSYTH County.

Plaintiff instituted this action on 31 July 1970, under the provisions of G.S. 50-7, for divorce from bed and board, alimony *pendente lite,* and custody and support of their minor son. She alleged abandonment and failure to support, indignities to her person, and adultery on the part of the defendant. Defendant denied the material allegations of the complaint and filed a counterclaim for divorce from bed and board, alleging that because of the conduct of the plaintiff, his life had become burdensome and his condition intolerable.

Defendant appealed from the entry of an "Order for Custody and Support" which reads as follows:

"THIS CAUSE coming on for hearing and being heard before the Honorable John C. Clifford, a Judge of the District Court of North Carolina on August 20, 1970, upon motion of the plaintiff for alimony *pendente lite* including possession of the house and its contents, custody and support for their one minor son and for attorney fees;

And it appearing to the court and the court finding as a fact from the evidence of the plaintiff and defendant that the defendant left the home on July 21, 1970 and has wilfully and unlawfully abandoned the plaintiff and has failed to provide adequate support for her; that the defendant is

Peoples v. Peoples

able-bodied and is regularly employed by the Winston-Salem Post Office Department as a letter carrier and earns $232.00 every two weeks and is able to pay $62.50 for alimony *pendente lite* every two weeks and $62.50 every two weeks for child support which amounts are fair and reasonable; that at the time that the defendant abandoned the plaintiff, said defendant left the plaintiff indebted for a house payment of $178.80 per month, light, water, telephone and gas bills, bank note of $55.00 per month, clothing bills of $50.00 per month, washer and dryer bill of $19.00 per month, master charge account of $20.00 per month. That in addition, the plaintiff has to purchase food and clothing for their minor son and herself and provide school fees, medical expenses and other miscellaneous necessities; that the plaintiff is a dependent spouse and the defendant is a supporting spouse within the meaning of G.S. N.C. Section 50-16.1.

And it further appearing to the court and the court finding as a fact that the plaintiff is a fit and suitable person to have the custody and control of the minor son of the marriage and that the best interest of said child would be served by being in the custody of the plaintiff; that it would be in the best interest of the plaintiff and their minor son that said plaintiff have possession of the house and its contents pending final trial of the matter;

And it also appearing to the court that the defendant has had five days notice as required by law and was present in court and represented by Harold Wilson, Esquire.

IT IS NOW ORDERED that the plaintiff is granted full and complete custody of their minor son, Michael Peoples, Jr., and the defendant is to have reasonable visitation privileges; that the defendant is ordered to pay into the office of the clerk of court the sum of $125.00 every two weeks beginning August 27, 1970 for the support of their son and alimony *pendente lite* which amount is adjudged to be fair and reasonable; that the plaintiff is ordered to pay the house note of $178.80 out of the alimony and support payments; that the plaintiff is awarded possession to the home and its contents.

This cause is hereby retained for further orders of this court.

This 11th day of September, 1970."

*Kennedy & Kennedy by Annie Brown Kennedy for plaintiff appellee.*

*Wilson, Morrow & Boyles by Laurel O. Boyles for defendant appellant.*

MALLARD, Chief Judge.

The question of sufficiency or insufficiency of the evidence to support the findings made by the judge is not included in the assignments of error and is therefore not presented on this record.

[1, 2] No assignment of error is made with respect to granting custody of the minor son of the parties to the plaintiff with the defendant having visitation rights or to the finding of fact that the defendant is an able-bodied man who is working and able to pay $62.50 every two weeks for the support of the child. It was proper under G.S. 50-13.5(b)(3) to seek custody and support of a minor child in this action for divorce from bed and board. *Little v. Little,* 9 N.C. App. 361, 176 S.E. 2d 521 (1970). Nothing else appearing, the father is primarily liable for the support of a minor child. G.S. 50-13.4(b). The order entered herein complies with that part of provisions of G.S. 50-13.4(e) and G.S. 50-16.7(a) which requires that the amount allowed for the support of the child and the amount allowed for alimony *pendente lite* shall be separately stated and identified. Therefore, that part of the order granting the custody of the child to the mother and requiring the father to make payments for the support of the child is not involved on this appeal.

In her brief plaintiff contends that where there is no allegation that the wife was unfaithful and no request for findings of fact, detailed findings of fact are not required. In support of this contention plaintiff cites *Teague v. Teague,* 266 N.C. 320, 146 S.E. 2d 87 (1966); *Griffith v. Griffith,* 265 N.C. 521, 144 S.E. 2d 589 (1965); and *Harrell v. Harrell,* 256 N.C. 96, 123 S.E. 2d 220 (1961). Each of these cases was decided under the law as it was prior to 1 October 1967 and are not applicable.

[3] Rule 52 of the Rules of Civil Procedure entitled "Findings by the Court" does not apply in awarding alimony *pendente lite.* *Hatcher v. Hatcher,* 7 N.C. App. 562, 173 S.E. 2d 33 (1970).

---

---

[4]  G.S. 50-16.8(f), enacted in 1967 to be effective 1 October 1967, is applicable in this case. It provides, among other things, that when an application for alimony *pendente lite* is made, the trial judge shall find the facts from the evidence presented. The requirement that the judge shall find the facts is a departure from the practice as it existed prior to 1 October 1967. *Blake v. Blake,* 6 N.C. App. 410, 170 S.E. 2d 87 (1969). In *Blake,* Judge Parker said:

> "In making such findings of fact it is not necessary that the trial judge make detailed findings as to each allegation and evidentiary fact presented. It is necessary that he find the ultimate facts sufficient to establish that the dependent spouse is entitled to an award of alimony *pendente lite* under the provisions of G.S. 50-16.3(a)."

In *Hatcher v. Hatcher, supra,* Judge Brock said:

> "We do not interpret G.S. 50-16.8(f) to require the trial judge to make findings as to each allegation and evidentiary fact presented. *Blake v. Blake, supra.* However, it is necessary for the trial judge to make findings from which it can be determined, upon appellate review, that an award of alimony *pendente lite* is justified and appropriate in the case."

Defendant's first two assignments of error are that the finding of fact by the trial judge that "the defendant left the home on July 21, 1970" does not support the further findings that the defendant "has wilfully and unlawfully abandoned the plaintiff and has failed to provide adequate support for her." Defendant contends that the words "has wilfully and unlawfully abandoned the plaintiff and has failed to provide adequate support for her" do not constitute findings of fact but are conclusions.

The word "fact" has a variety of meanings. In Webster's Third New International Dictionary (1968), it is defined, *inter alia,* as "the reality of events or things the actual occurrence or existence of which is to be determined by evidence."

In *Webster* the word "conclusion" also has many definitions, among them being "the necessary consequence of two or more related propositions taken as premises."

A "conclusion of law" is defined in *Webster* as "the court's statement of the law applicable to a case in view of certain facts found to be true or assumed by the jury to be true: the final judgment or decree which the law requires in view of the facts found or the verdict brought in."

From these definitions it is seen that "findings of fact" and "conclusions" are two entirely different things. Yet, the application of these definitions to varying situations is often extremely difficult. From the decided cases it is observed that the difficulty in making findings of fact, as distinguished from conclusions, has plagued the bench and bar for many years.

[5, 6] It may be said that the distinction between the "finding of facts" and the "stating of conclusions" by a trial judge after he has heard the evidence in an alimony *pendente lite* matter is somewhat analogous to the distinction between a witness testifying as to a "fact" and stating his "opinion." The word "opinion" is defined in Stansbury, N. C. Evidence 2d, § 122, p. 280, as "referring to any narrative statement by a witness which does not describe facts directly perceived by his senses in the fullest detail that could reasonably be expected of an average witness and reasonably be understood by an average juror." See also *Taylor v. Security Co.*, 145 N.C. 383, 59 S.E. 139 (1907). The facts found in an alimony *pendente lite* case must be determinative of all the questions at issue in the proceeding. Specific factual findings as to each ultimate fact at issue upon which the rights of the litigants are predicated must be found. The ultimate facts at issue in proceedings often differ, thus a necessary finding of fact in one case may not be necessary in another case. The findings of fact in any given case should be "tailor-made" to settle the matters at issue between the parties. Facts are the basis for conclusions, and to call a "conclusion" a "finding of fact" does not make it one. *Foundry Co. v. Benfield*, 266 N.C. 342, 145 S.E. 2d 912 (1966). A failure to make a proper finding of fact in a matter at issue between the parties will result in prejudicial error, especially where the evidence is conflicting. *State v. Moore*, 275 N.C. 141, 166 S.E. 2d 53 (1969).

[7] A finding of fact in an alimony *pendente lite* matter is a narrative statement by the trial judge of the ultimate fact at issue and need not include the evidentiary or subsidiary facts required to prove the ultimate facts. See *Webb v. Gaskins*, 255 N.C. 281, 121 S.E. 2d 564 (1961).

In the case of *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639 (1951), the Court said:

"There are two kinds of facts: Ultimate facts, and evidentiary facts. Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense; and evidentiary facts are those subsidiary facts required to prove the ultimate facts. * * *

\* \* \*

Ultimate facts are those found in that vaguely defined area lying between evidential facts on the one side and conclusions of law on the other. *Christmas v. Cowden,* 44 N.M. 517, 105 P. 2d 484; *Scott v. Cismadi,* 80 Ohio App. 39, 74 S.E. 2d 563 (sic). In consequence, the line of demarcation between ultimate facts and legal conclusions is not easily drawn. 54 C.J., Trial, section 1151. An ultimate fact is the final resulting effect which is reached by processes of logical reasoning from the evidentiary facts. *Rhode v. Bartholomew,* 94 Cal. App. 2d 272, 210 P. 2d 768; *Citizens Securities & Investment Co. v. Dennis,* 236 Ill. 307; *Mining Securities Co. v. Wall,* 99 Mont. 596, 45 P. 2d 302; *Christmas v. Cowden, supra; Oregon Home Builders v. Montgomery Inv. Co.,* 94 Or. 349, 184 P. 487. Whether a statement is an ultimate fact or a conclusion of law depends upon whether it is reached by natural reasoning or by an application of fixed rules of law. *Maltz v. Jackoway-Katz Cap. Co.,* 336 Mo. 1000, 82 S.E. 2d 909 (sic); *Tesch v. Industrial Commission,* 200 Wis. 616, 229 N.W. 194."

[8] In this case the findings that the defendant left the home on July 21, 1970, had abandoned the plaintiff, and had failed to provide adequate support for her are a narrative statement of some of the ultimate facts at issue. In the setting of this case they are not conclusions.

There is a distinction between criminal abandonment and the matrimonial offense of desertion. In the case of *Richardson v. Richardson,* 268 N.C. 538, 151 S.E. 2d 12 (1966), it is said:

" 'G.S. 50-7 provides, as a ground for divorce from bed and board: "1. If either party abandons *his* or *her* family." (Italics added.) It is available to the husband as well as to the wife. Abandonment under G.S. 50-7(1) is not synonymous with the criminal offense defined in G.S. 14-322. "In

a prosecution under G.S. 14-322, the State must establish (1) a wilful abandonment, and (2) a wilful failure to provide adequate support." *S. v. Lucas,* 242 N.C. 84, 86 S.E. 2d 770. True, the husband's wilful failure to provide adequate support for his wife may be evidence of his abandonment of her, but the mere fact that he provides adequate support for her does not in itself negative abandonment as used in G.S. 50-7(1). "A wife is entitled to her husband's society and the protection of his name and home in cohabitation. The permanent denial of these rights may be aggravated by leaving her destitute or mitigated by a liberal provision for her support, but if the cohabitation is brought to an end without justification and without the consent of the wife and without the intention of renewing it, the matrimonial offense of desertion is complete." 17 Am. Jur., Divorce and Separation Sec. 98.' *Pruett v. Pruett,* 247 N.C. 13, 23, 100 S.E. 2d 296, 303. Accord: 24 Am. Jur. 2d, Divorce and Separation § 104; Nelson, Divorce and Annulment, Second Edition, Vol. I, § 4.05; Lee, North Carolina Family Law, Vol. 1, § 80, p. 305."

**[9]** In defendant's third assignment of error he contends that the finding by the trial judge "that the plaintiff is a dependent spouse and the defendant is a supporting spouse within the meaning of G.S. N.C. Section 50-16.1" is not a finding of fact but is only a conclusion which is not based on the finding of facts.

The determination of what constitutes a "dependent spouse" and what constitutes a "supporting spouse" requires an application of principles of statutory law to facts and are therefore mixed questions of law and fact. G.S. 50-16.1(3) defines a "dependent spouse" as follows:

" 'Dependent spouse' means a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse."

This statute provides two different factual situations from which the conclusion could be reached that a spouse is a "dependent spouse": (1) when a spouse is actually substantially dependent upon the other spouse for his or her maintenance and support; and (2) when a spouse is substantially in need of main-

Peoples v. Peoples

tenance and support from the other spouse. To find that one is a "dependent spouse" within the meaning of G.S. 50-16.1(3) is a consequence of two or more related propositions taken as premises, one being the fact that the relationship of spouse exists, and the other consisting of at least the finding that one of the two alternatives in G.S. 50-16.1(3) is a fact. Thus the finding in this case that the plaintiff is a "dependent spouse" within the meaning of G.S. 50-16.1 is a conclusion that is not supported by a finding of fact.

G.S. 50-16.1(4) defines a "supporting spouse" as follows:

" 'Supporting spouse' means a spouse, whether husband or wife, upon whom the other spouse is actually substantially dependent or from whom such other spouse is substantially in need of maintenance and support. A husband is deemed to be the supporting spouse unless he is incapable of supporting his wife."

In this statute there are three factual situations from which the conclusion could be reached that a spouse is a "supporting spouse": (1) when one spouse is actually substantially dependent upon the other; (2) when one spouse is substantially in need of maintenance and support from the other; and (3) unless the husband is incapable of supporting his wife, he is deemed to be the supporting spouse. Thus to find that one is a "supporting spouse" within the meaning of G.S. 50-16.1(4) is a consequence of two or more related propositions taken as premises, one being that the relationship of spouse exists, and the other consisting of the finding that one of three alternatives in G.S. 50-16.1(4) is a fact. Thus the finding in this case that defendant is the "supporting spouse" within the meaning of G.S. 50-16.1 is a conclusion that is not supported by a finding of fact.

[10] G.S. 50-16.3(a) sets forth the grounds for awarding alimony *pendente lite* to a dependent spouse in the following language:

"(1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony *pendente lite* is made, and

(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or

defense of the suit and to defray the necessary expenses thereof."

[11] In the case before us there are sufficient factual findings to support a conclusion that the grounds stated in G.S. 50-16.3 (a) (1) existed. However, there are no factual findings or even a conclusion stated with respect to whether the plaintiff had sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof. The two quoted sections of G.S. 50-16.3 (a) are connected by the word "and"; it is therefore mandatory that the grounds stated in both of these sections shall be found to exist before an award of alimony *pendente lite* may be made.

[12] Defendant's fourth and last assignment of error is as follows: "The trial judge erred in signing and entering the order allowing alimony *pendente lite* for the reasons stated above." This assignment of error does not challenge that part of the order entered awarding the custody of the child and ordering payments for the support of the child. However, this assignment of error does present the questions of whether error of law appears upon the face of the record and whether the facts found or admitted support the order awarding alimony *pendente lite. Fishing Pier v. Town of Carolina Beach*, 274 N.C. 362, 163 S.E. 2d 363 (1968) ; *Bridges v. Jackson*, 255 N.C. 333, 121 S.E. 2d 542 (1961). We conclude that the facts found and admitted do not support the judgment for alimony *pendente lite.*

The result is that there is no error as to the award of the custody, maintenance and support of the minor child of the parties. There is error in the award of alimony *pendente lite* for failure to make specific findings.

Error and remanded.

Judges PARKER and GRAHAM concur.