Hill v. Hill

---

---

DEVONNA McCRAE HILL v. ALAN HILL

No. 7519DC527

(Filed 5 November 1975)

**Attorney and Client § 7; Divorce and Alimony § 18— award of alimony pendente lite and counsel fees — insufficient findings**

The trial court erred in ordering defendant to pay temporary alimony and counsel fees without making findings of fact as to whether plaintiff qualified for relief under G.S. 50-16.3.

APPEAL by defendant from *Montgomery, Judge*. Judgment entered 30 January 1975 in District Court, RANDOLPH County. Heard in the Court of Appeals 16 October 1975.

This is an action for temporary and permanent alimony without divorce, there being no children involved. Pursuant to notice, the court held a hearing with respect to temporary alimony and counsel fees. Following the hearing, the court entered an order finding certain facts and ordering, among other things, that pending further orders of the court and a final determination of the cause on the merits, that defendant pay $25 per week "for temporary subsistence" and pay $100 fee for plaintiff's counsel. Defendant appealed.

*Ottway Burton and Millicent Gibson for plaintiff appellee.*

*DeLapp, Hedrick and Harp, by Charles H. Harp II for defendant appellant.*

Hill v. Hill

BRITT, Judge.

Defendant contends that the court did not make sufficient findings of fact to support its order. We agree with this contention.

G.S. 50-16.3 provides in pertinent part that a dependent spouse who is a party to an action for alimony without divorce shall be entitled to an order for alimony pendente lite when "(1) [i]t shall appear from all the evidence presented pursuant to G.S. 50-16.8 (f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and (2) [i]t shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

G.S. 50-16.4 authorizes the court to enter an order for reasonable counsel fees for the benefit of a dependent spouse who is entitled to alimony pendente lite pursuant to G.S. 50-16.3. G.S. 50-16.8 (f) provides that when a party applies for alimony pendente lite and a hearing is held, the judge shall *find the facts* from the evidence presented.

Specifically, defendant argues that before the court can award temporary alimony and counsel fees, in addition to other findings, it must make findings of fact as to whether plaintiff qualifies for relief under G.S. 50-16.3 and cites *Blake v. Blake,* 6 N.C. App. 410, 170 S.E. 2d 87 (1969) ; *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971) ; *Manning v. Manning,* 20 N.C. App. 149, 201 S.E. 2d 46 (1973) ; *Newsome v. Newsome,* 22 N.C. App. 651, 207 S.E. 2d 355 (1974). The argument has merit.

In her complaint, plaintiff alleged that for some time after their marriage on 30 June 1973 the parties lived happily together, but thereafter defendant began using alcoholic beverages to excess, cursing and otherwise abusing plaintiff, and one occasion assaulted her. She further alleged that she was without means on which to subsist during the pendency of this action and was without funds to properly prosecute her action. Although plaintiff presented evidence supporting, and defendant presented evidence contradicting, these allegations the court made no findings with respect to them.

Hill v. Hill

For failure of the court to make findings of fact on vital questions, the order appealed from must be vacated and the cause remanded for further proceedings.

Order vacated and cause remanded.

Judges VAUGHN and ARNOLD concur.