THE TRAVELERS INSURANCE COMPANY, PLAINTIFF v. RYDER TRUCK RENTAL, INC., DEFENDANT, THIRD PARTY PLAINTIFF v. SAN-BAR CORPORATION OF THE CAROLINAS, THIRD PARTY DEFENDANT

No. 7714SC61

(Filed 2 November 1977)

**Rules of Civil Procedure § 41— voluntary dismissal—no affirmative relief sought by defendant—motion properly granted**

Where defendant was sued by plaintiff to recover sums paid by plaintiff to certain persons for injuries sustained in an automobile accident with an employee of the third party defendant, and defendant cross-claimed against third party defendant for any claims defendant would have to pay to plaintiff, defendant's cross-claim for indemnification was contingent upon plaintiff's recovery and was in no way affirmative relief; therefore, the trial court properly allowed plaintiff to take a voluntary dismissal against defendant.

APPEAL by defendant from *Hobgood, Judge*. Judgment entered 1 November 1976, in Superior Court, DURHAM County. Heard in the Court of Appeals 24 October 1977.

The plaintiff Travelers Insurance Company (hereinafter Travelers) instituted this action against defendant Ryder Truck Rental, Inc. (hereinafter Ryder) to recover money plaintiff had paid to a Mr. and Mrs. Nobles who received personal injury and property damage in an automobile accident with an employee of San-Bar Corporation (hereinafter San-Bar). Travelers paid the Nobles pursuant to an insurance policy insuring San-Bar against loss; Travelers, however, alleged that Ryder, who had leased to San-Bar the truck involved in the accident, had a contractual as well as a statutory (G.S. 20-281) obligation to provide automobile liability insurance coverage, and that Ryder was liable to plaintiff for the amount plaintiff had paid the Nobles. Plaintiff furthermore alleged that Ryder's refusal to provide the insurance coverage constituted an unfair and deceptive trade practice within the

meaning of G.S. 75-1.1 which entitled plaintiff to recover treble damages (G.S. 75-16) plus reasonable attorney's fees (G.S. 75-16.1).

Defendant answered and denied liability, specifically alleging that the San-Bar employee involved in the accident was, at the time of the accident, under the age of 21 years; that San-Bar thereby breached the truck rental agreement; and that Ryder was not, therefore, obligated under the rental agreement to furnish liability insurance to San-Bar. Defendant Ryder also filed a third-party complaint against San-Bar seeking indemnity, pursuant to a contract provision, for any claims Ryder would have to pay under statutory requirements of insurance but which Ryder would not otherwise be obligated to pay.

After the answer to the third party complaint and some pretrial discovery and motions, plaintiff, pursuant to G.S. 1A-1, Rule 41(a), gave notice of dismissal without prejudice of its action against Ryder. Ryder, pursuant to G.S. 1A-1, Rule 12(f), moved the court to strike the notice of voluntary dismissal on the ground that Ryder had sought affirmative relief and that plaintiff, therefore, had no right to submit a voluntary dismissal. Defendant's motion was denied and defendant appeals.

*Spears, Barnes, Baker and Boles, by J. Bruce Hoof, for plaintiff appellee.*

*Henson & Donahue, by Daniel W. Donahue, for defendant and third party plaintiff appellant.*

*Pulley and Wainio, P.A., by John C. Wainio, for third party defendant appellee.*

ARNOLD, Judge.

Defendant, the third party plaintiff, argues on appeal that the trial court committed prejudicial error in failing to strike plaintiff's notice of voluntary dismissal without prejudice. We should note at the outset that a motion to strike "any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter" under G.S. 1A-1, Rule 12(f) is not the proper motion by which to challenge a notice of dismissal without prejudice. In order to reach the real issue of this case, however, we shall treat defendant's motion as a motion to set aside plaintiff's notice of dismissal. The question is whether or not defendant's third-party complaint asserted grounds for affirmative relief such

that plaintiff's notice of dismissal would defeat some substantive right of defendant. *See, e.g., Griffith v. Griffith,* 265 N.C. 521, 144 S.E. 2d 589 (1965). If so, plaintiff would not be entitled to take a voluntary dismissal. *Id.*

Having reviewed the pleadings in the present case, we can find no affirmative relief sought by the defendant. Defendant cross-claims against San-Bar to recover any sums which it may be required to pay to the plaintiff. This action for indemnification is contingent upon plaintiff's recovery and is in no way "affirmative relief," as defendant asserts. The trial court, therefore, correctly overruled defendant's motion and allowed the dismissal.

Defendant's further argument that, since the voluntary dismissal should not have been allowed, the court erred in declaring moot defendant's motion for summary judgment, is likewise without merit. After the notice of dismissal was properly allowed, there remained no claim against defendant for which defendant would be entitled to indemnity. Defendant's motion for summary judgment against San-Bar thereby became moot.

Affirmed.

Chief Judge BROCK and Judge PARKER concur.