O. I. LOVE v. THELMA OWENS LOVE

No. 7825DC741

(Filed 15 May 1979)

**Divorce and Alimony § 16.6— dependent spouse—possession of dwelling as alimony—sufficiency of evidence**

       The trial court did not err in finding that defendant wife was a dependent spouse and in awarding her possession of the home of the parties as alimony where the evidence showed that plaintiff husband is 65 years old, cannot work because of heart problems, receives a Social Security check for $256 each month, and lives in a trailer belonging to his niece, and that defendant is 55 years old, lives in the homeplace of the parties, works in a school cafeteria and earns an average of $262.50 a month.

APPEAL by plaintiff from *Tate, Judge.* Judgment entered 21 March 1978 in District Court, BURKE County. Heard in the Court of Appeals 1 May 1979.

Plaintiff brought this action for absolute divorce on the grounds of separation. Defendant answered, alleging abandonment by plaintiff and counterclaimed for alimony. The jury answered the issues in favor of defendant, and the court entered judgment, awarding her alimony by granting her possession of the home of the parties for a term of five years. Plaintiff appeals. We find no error.

*John H. McMurray for plaintiff appellant.*

*Hovey, Carter & Robbins, by Sherwood J. Carter, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

Plaintiff contends the court erred in finding he was the supporting spouse and in awarding defendant possession of the dwelling house. The evidence shows that plaintiff is sixty-five years old, cannot work because of heart problems and has not worked

for years. He receives a Social Security check for $256 each month and lives in a trailer that belongs to his niece. Mrs. Love, the defendant, is fifty-five years of age, lives in the homeplace of the parties, works at Hildebran Elementary School cafeteria where she earns $315 a month for ten months a year. On an annual basis, this is an average of about $262.50 a month. The homeplace is jointly owned by plaintiff and defendant, who have been married thirty-five years. Defendant has no palce to live other than the homeplace.

The evidence supports the court's finding that the defendant wife is the dependent spouse, as she is substantially dependent upon the plaintiff husband for maintenance and support. Plaintiff is capable of providing that required support by allowing defendant the possession and occupancy of the dwelling. N.C. Gen. Stat. 50-16.1(3)-(4). Even though defendant has a separate income from her work at the cafeteria, the evidence still shows she is the dependent spouse. *Radford v. Radford*, 7 N.C. App. 569, 172 S.E. 2d 897 (1970). The facts found by the trial court are sufficient to sustain the conclusions of law and the order for alimony. *Peoples v. Peoples*, 10 N.C. App. 402, 179 S.E. 2d 138 (1971). The court may award defendant possession of the home, owned by the parties as tenants by the entireties, as alimony. *Sellars v. Sellars*, 240 N.C. 475, 82 S.E. 2d 330 (1954); N.C. Gen. Stat. 50-16.7(a).

Affirmed.

Judges PARKER and MITCHELL concur.