NANCY JOHNSON CREECH v. JAMES OSBORNE CREECH.

(Filed 2 February, 1962.)

1. Pleadings § 10—

An allegation in the answer which does not relate to a counterclaim is deemed controverted without necessity of reply. G.S. 1-159.

2. Divorce and Alimony § 16—

In the wife's action for alimony without divorce, the husband's allegations of adultery on the part of the wife, set up as a defense, are deemed denied without the necessity of a reply.

**3. Divorce and Alimony § 18—**

Where the husband alleges adultery on the part of his wife as a defense in her action for alimony without divorce, and offers evidence in support thereof upon the hearing of the wife's motion for alimony *pendente lite*, it is error for the court to order alimony *pendente lite* without finding the facts with respect to the alleged adultery. G.S. 50-16.

**4. Appeal and Error § 12—**

The Superior Court is without authority to modify an order while an appeal therefrom is pending.

APPEAL by defendant from *Cowper, J.*, at Chambers 17 February 1961 in LENOIR.

This action was instituted on 23 January 1961 pursuant to G.S. 50-16 for alimony without divorce and custody of children.

Plaintiff wife alleges *inter alia* that defendant abandoned her without just cause and without fault on her part and refuses to provide adequate support for her and the four minor children of the marriage, and that she is a fit and suitable person to have custody of the children.

Defendant husband, answering, denies, except as to the fact of the marriage and the paternity of the children, the allegations of the complaint, and affirmatively alleges that for several months prior to 11 January 1961 plaintiff engaged in acts of adultery with a named person, that defendant has not cohabited with her since he learned of her adulterous conduct, and that she is not a fit and suitable person to have custody of the children.

Plaintiff moved for alimony *pendente lite* and custody of the children. At the hearing on the motion both parties were present and represented by counsel. The court heard and considered the pleadings, oral testimony and affidavits. Defendant offered evidence tending to support his plea of adultery; plaintiff offered evidence tending to refute it.

The court made no findings with respect to the alleged adultery of plaintiff, but found as a fact that plaintiff and defendant were both fit and suitable persons to have custody of the children, plaintiff is entitled to support, defendant has wilfully abandoned plaintiff and the children of the marriage, and that the acts and conduct of defendant as alleged constitute grounds for divorce *a mensa et thoro*.

On 17 February 1961 the court entered an order that, pending a final determination of the issues involved, plaintiff and defendant each have custody of two of the children, plaintiff have the exclusive use and benefit of the house owned by the parties as tenants by the entireties, and defendant keep up the mortgage payments on the house and pay to plaintiff $160.00 per month for support of herself and the two children in her custody.

Defendant appeals.

---

CREECH *v.* CREECH.

---

*Jones, Reed & Griffin for defendant appellant.*
*J. Harvey Turner for plaintiff appellee.*

MOORE, J. The court erred in failing to make findings with respect to the issue of plaintiff's alleged adultery.

G.S. 50-16 provides that in a suit by a wife for alimony without divorce "it shall be competent for the husband to plead the adultery of the wife in bar of her right to such alimony, and if the wife shall deny such plea, and the issue be found against her by the judge, he shall make no order allowing her any sum whatever as alimony, or for her support, but only her reasonable counsel fees." An allegation in an answer is deemed controverted without necessity of reply if it does not relate to a counterclaim. G.S. 1-159; *Nebel v. Nebel*, 241 N.C. 491, 85 S.E. 2d 876. Plaintiff did not reply and expressly deny defendant's allegations of adultery, but these allegations do not relate to a counterclaim. Hence, they are taken as controverted.

On motion for alimony *pendente lite* made in an action by the wife against the husband pursuant to G.S. 50-16, the judge is not required to find the facts as a basis for an award of alimony except when the adultery of the wife is pleaded in bar. *Holloway v. Holloway*, 214 N.C. 662, 200 S.E. 436. In the instant case defendant expressly pleaded the adultery of plaintiff in bar of her claim to alimony and offered evidence in support of his plea. The order of the court awarding alimony *pendente lite* to plaintiff without finding the facts with respect to this plea ignores the provisions of G.S. 50-16 quoted above. *Williams v. Williams*, 230 N.C. 660, 55 S.E. 2d 195. Defendant is entitled to a rehearing upon plaintiff's motion for alimony *pendente lite*.

Pending this appeal both parties moved for a modification of the order of 17 February 1961, and plaintiff requested that a citation be served on defendant for failure to make the payments in accordance with the order. These motions were continued pending the outcome of the appeal. Our decision herein renders them moot. Furthermore, an order appealed from may not be modified while the appeal is pending for the Superior Court is without authority to enter the subsequent order. *Ragan v. Ragan*, 214 N.C. 36, 197 S.E. 554.

The cause is remanded for rehearing of plaintiff's motion for alimony *pendente lite* and for findings of fact in accordance with the statute and decisions of this Court.

Error and remanded.