SARAH VIRGINIA MYERS v. IRVIN JACKSON MYERS.

(Filed 3 May, 1967.)

1. **Divorce and Alimony § 18—**

Affidavits that a married man visited plaintiff at her residence on two occasions for periods of less than two hours in the early evening, when considered with further evidence that the married man and his wife were both friends of the plaintiff, are insufficient to support a finding of adultery on the part of the plaintiff, and when it is apparent from the record that the judge denied plaintiff's application for.subsistence and counsel fees *pendente lite* on the ground of adultery, the order denying the relief must be vacated and the cause remanded. G.S. 50-16.

**2. Appeal and Error § 55—**

Where it is apparent from the record that an order was entered under misapprehension of the applicable law, the cause must be remanded.

APPEAL by plaintiff from an order of *Johnston, Senior Resident Judge,* filed December 19, 1966, after a hearing in chambers, in action pending in FORSYTH Superior Court.

Plaintiff (wife) instituted this action July 14, 1964, under G.S. 50-16 for alimony without divorce and for custody and support of the two children born of her marriage with defendant. In gist, plaintiff alleged she had separated from defendant in June 1964 on account of his various acts of abuse and mistreatment. Answering, defendant denied plaintiff's essential allegations and alleged plaintiff had separated from him of her own volition and for her own purposes.

After successive hearings, Judge Johnston, Resident Judge, on September 25, 1964, "ORDERED, ADJUDGED, AND DECREED that the plaintiff is not entitled to alimony *pendente lite,* that the defendant is adjudged a fit and suitable person to be awarded the custody and control of Robert Jackson Myers and Timothy Irvin Myers, and is so awarded their custody and control; that the plaintiff is to have the right to have the children at any time she chooses to do so, consistent with their routine and school attendance duties."

There has been no trial on the issues raised by the pleadings. Plaintiff and defendant have lived separate and apart continuously since June 1964. Defendant has resided in the residence and store property owned by husband and wife as tenants by the entirety. Plaintiff, who has been employed, has maintained a separate place of residence. Defendant has made no contribution to the support of plaintiff since their separation in June 1964. During the pendency of this action, there have been various hearings and orders relating to the custody of the children. Under the last orders relating thereto, defendant now has custody of the two boys.

A motion filed by plaintiff on November 4, 1966, alleged facts pertinent to plaintiff's need of allowances for alimony *pendente lite* and counsel fees. In addition, she alleged facts involved in the condemnation proceeding entitled, *"North Carolina State Highway Commission v. Irvin J. Myers and wife, Sarah V. Myers; J. L. Carlton, Trustee; Winston-Salem Savings and Loan Association,"* now pending in this Court on her appeal from an order entered by Gwyn, J., at November 14, 1966 Civil Session. The opinion in said proceeding is filed simultaneously with the filing of opinion herein. In her motion herein, plaintiff prayed that the court enter an order "requiring defendant to pay temporary alimony to plaintiff, pend-

ing final determination of the issues in this cause or distribution of the deposit made by the North Carolina State Highway Commission on September 13, 1966, whichever shall first occur; that defendant be ordered to pay to plaintiff's counsel reasonable attorney fees in an amount of not less than $1,500; for such other and further relief as to the court may seem just and proper."

On November 12, 1966, defendant filed a "Response" to plaintiff's motion in which he asserted he was entitled "to have plaintiff's present motion dismissed because (1) she is barred by the order of October (sic) 25, 1964, (2) she is barred by her adulterous conduct and (3) she is barred by laches, having waited over two years before attempting to overturn the order denying her support."

Judge Johnston entered the following order: "Now, THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED within the discretion of the court, that the court denies the second application for temporary alimony and counsel fees."

Plaintiff excepted to said order and appealed.

*Randolph & Drum for plaintiff appellant.*
*Hayes & Hayes for defendant appellee.*

BOBBITT, J. "The statute (G.S. 50-16) provides two remedies, one for alimony without divorce, and another for subsistence and counsel fees pending trial and final disposition of the issues involved." *Deal v. Deal,* 259 N.C. 489, 131 S.E. 2d 24; *Richardson v. Richardson,* 268 N.C. 538, 540, 151 S.E. 2d 12, 13, and cases cited.

"The remedy thus established for the subsistence of the wife pending the trial and final determination of the issues involved and for her counsel fees is intended to enable her to maintain herself according to her station in life and to have sufficient funds to employ adequate counsel to meet her husband at the trial upon substantially equal terms." *Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226.

G.S. 50-16 contains this provision: "(I)n all applications for alimony under this section it shall be competent for the husband to plead the adultery of the wife in bar of her right to such alimony, and if the wife shall deny such plea, and the issue be found against her by the judge, he shall make no order allowing her any sum whatever as alimony, or for her support, but only her reasonable counsel fees." Defendant pleaded the adultery of plaintiff in bar of her right to alimony. Defendant's said allegations do not relate to a counterclaim. Hence, they are deemed denied by plaintiff. *Creech v. Creech,* 256 N.C. 356, 123 S.E. 2d 793.

"On motion for alimony *pendente lite* made in an action by the wife against the husband pursuant to G.S. 50-16, the judge is not required to find the facts as a basis for an award of alimony *except* when the adultery of the wife is pleaded in bar." (Our italics.) *Creech v. Creech, supra; Deal v. Deal, supra.*

Although Judge Johnston did not make definitive findings of fact, this statement or recital, to which plaintiff excepted, immediately precedes his order: "(A)nd it further appearing from the evidence at this hearing that during the year 1966 there was evidence of unfaithful conduct on the part of the plaintiff with a married man before the court . . ." This evidence consists of a joint affidavit of two private detectives to the effect that on April 14, 1966, they observed Mr. J. R. Sparks arrive at plaintiff's residence at 8:10 p.m. and depart at 9:30 p.m.; and on May 12, 1966, they saw him arrive at 7:35 p.m. and depart at 9:10 p.m. Mindful of the evidence offered in the custody hearings to the effect that both Mr. and Mrs. Sparks were friends of plaintiff, the probative value of this affidavit is unimpressive. The order denying plaintiff's application for alimony *pendente lite* and counsel fees indicates plainly that substantial reliance was placed by the court upon the fact that there was *evidence* of plaintiff's alleged adultery. If said affidavit be so considered, it was insufficient to support a finding of adultery and insufficient to bar plaintiff's right to alimony *pendente lite* and counsel fees. In this respect, it seems clear the court, in entering the order from which plaintiff appeals, acted under a misapprehension of applicable law. *Allen v. Allen,* 258 N.C. 305, 310, 128 S.E. 2d 385, 388, and cases cited; *Davis v. Davis,* 269 N.C. 120, 127, 152 S.E. 2d 306, 312. Accordingly, the order is vacated and the cause remanded to the end there may be a hearing *de novo* with reference to plaintiff's second application for alimony *pendente lite* and counsel fees.

Error and remanded.