WILLIAM DeLANCE BLAKE v. ELIZABETH WILSON BLAKE
No. 6911DC486

(Filed 22 October 1969)

**1. Divorce and Alimony § 18— alimony pendente lite — former G.S. 50-16 — necessity for findings of fact**

Under former G.S. 50-16, the trial court, when making an award of alimony *pendente lite,* was not required to set forth in his order any findings of fact where there was no allegation of adultery by the wife.

2. **Divorce and Alimony § 18— alimony pendente lite — new statute — G.S. 50-16.1 et seq.**

The provisions of G.S. 50-16.1 *et seq.* control an application for alimony *pendente lite* in the wife's cross action to her husband's suit for divorce commenced after 1 October 1967, the effective date of Ch. 1152 of the 1967 Session Laws.

3. **Divorce and Alimony § 18— alimony pendente lite — necessity for findings of fact — G.S. 50-16.8(f)**

G.S. 50-16.8(f) requires the trial judge to make findings of fact when an application is made for alimony *pendente lite*.

4. **Divorce and Alimony § 18— alimony pendente lite — findings of fact required**

In making findings of fact after a hearing upon an application for alimony *pendente lite*, it is not necessary that the trial judge make detailed findings as to each allegation and evidentiary fact presented, but he must find the ultimate facts sufficient to establish that the defendant spouse is entitled to an award of alimony *pendente lite* under the provisions of G.S. 50-16.3(a).

5. **Divorce and Alimony § 18— alimony pendente lite — determination of amount**

The determination of the amount and the payment of alimony *pendente lite* is to be made in the same manner as alimony, except that alimony *pendente lite* shall be limited to the pendency of the suit in which the application is made. G.S. 50-16.3(b).

6. **Divorce and Alimony § 18— alimony pendente lite and counsel fees — failure to find facts**

In this hearing upon the wife's motion for alimony *pendente lite* and counsel fees in her cross action for alimony without divorce, the trial court erred in directing the husband to pay alimony *pendente lite* and counsel fees of the wife without making findings of fact from the evidence presented at the hearing as required by G.S. 50-16.8(f).

7. **Divorce and Alimony § 18— alimony pendente lite — determination of amount**

Amounts awarded as alimony *pendente lite* and counsel fees should be based upon the evidence presented at the hearing and should be determined in the sound discretion of the trial judge having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case. G.S. 50-16.5(a).

APPEAL by plaintiff from *Godwin, District Judge,* 29 May 1969 Session of HARNETT District Court.

This civil action for absolute divorce was brought by plaintiff-husband on the ground of one year's separation. In his complaint, filed 19 March 1969, plaintiff alleged: That the parties were married on 19 October 1954 and lived together as man and wife until

September 1967, when they separated; that no children were born to this marriage; that the separation was caused by no fault on his part; and that the parties had lived separate and apart from each other continuously since September 1967.

Defendant answered, alleging as a defense that in September 1967 the plaintiff had wrongfully and willfully abandoned her without just cause and without fault or provocation on her part and that since such abandonment plaintiff had failed to support her. Defendant pleaded the abandonment as a bar to plaintiff's right to a divorce and prayed for an award of permanent alimony, for alimony *pendente lite,* and counsel fees.

After a hearing set for determination of defendant's claim for alimony *pendente lite* and counsel fees, the district judge entered an order dated 6 June 1969 directing plaintiff to pay his wife $250.00 per month as alimony *pendente lite* and to pay $350.00 to her attorneys "as reasonable counsel fees to date." The order contains no findings of fact, stating merely that both parties were present in court and represented by counsel, that the defendant "offered evidence to support her claim for alimony pendente lite and counsel fees," and that the court was "of the opinion that the defendant is entitled to alimony pendente lite and counsel fees."

From the order directing him to pay alimony *pendente lite* and counsel fees, plaintiff appealed.

*J. T. Lamm, Wilson & Bowen, and R. Allen Lytch, by Wiley F. Bowen, for plaintiff appellant.*

*Bryan, Jones & Johnson, by K. Edward Greene, for defendant appellee.*

PARKER, J.

On this appeal we are concerned solely with the sufficiency of the order awarding the defendant wife alimony *pendente lite* and counsel fees in her cross action to her husband's suit for divorce. Plaintiff appellant, by appropriate assignments of error, challenges the trial court's order on the grounds that (1) it is not supported by pleadings, affidavits, stipulated facts, or findings of fact; and (2) the court abused its discretion. The order appealed from recites that the defendant "offered evidence to support her claim for alimony pendente lite and counsel fees." The only reference to this evidence contained in the record on appeal is in a stipulation, dated 22 August 1969 and signed by counsel for both parties, that "the defend-

ant wife introduced the plaintiff husband's 1968 wage and tax statement from the post office where he is employed, attached hereto marked 'Exhibit A'; that there was no other evidence of income or assets introduced." The Exhibit A referred to is a Federal Internal Revenue Service Form W-2, which indicates that in 1968 the husband received from his employer wages subject to withholding in the amount of $7,835.98, from which Federal income taxes in the amount of $1,203.42 and State income taxes in the amount of $245.44 were withheld. Except for the statement in the stipulation that "there was no other evidence of income or assets introduced," the record on appeal does not reveal what other evidence, if any, was presented at the hearing before the district judge.

[1, 2]    If the present litigation had been pending on 1 October 1967, it would be controlled by G.S. 50-16 as it existed prior to the effective date of Chapter 1152 of the 1967 Session Laws. Chap. 1152, § 9, 1967 Session Laws; *Brady v. Brady*, 273 N.C. 299, 160 S.E. 2d 13. When interpreting G.S. 50-16 as it existed prior to the effective date of the 1967 Act, our Supreme Court had many times held that the trial judge, when making an award of alimony *pendente lite*, was not required to set forth in his order any findings of fact where, as here, there was no allegation of adultery by the wife. *Deal v. Deal*, 259 N.C. 489, 131 S.E. 2d 24; *Creech v. Creech*, 256 N.C. 356, 123 S.E. 2d 793; *Vincent v. Vincent*, 193 N.C. 492, 137 S.E. 426. In such case when the judge, after hearing the evidence, either made an award of temporary alimony or declined to make one, it was "presumed that he found the facts from the evidence presented to him according to his convictions about the matter and that he resolved the crucial issues in favor of the party who prevailed on the motion." *Williams v. Williams*, 261 N.C. 48, 55; 134 S.E. 2d 227, 232. In so holding, however, the Supreme Court had from time to time admonished that it was better practice, where the facts were in dispute, that findings of fact be made and set forth in the order. *Schloss v. Schloss*, 273 N.C. 266, 160 S.E. 2d 5; *Williams v. Williams supra; Price v. Price*, 188 N.C. 640, 125 S.E. 264.

The present case was commenced on 19 March 1969. Effective 1 October 1967, Chapter 1152 of the 1967 Session Laws repealed G.S. 50-14, G.S. 50-15, and G.S. 50-16, and insofar as alimony is concerned enacted in their place G.S. 50-16.1 through G.S. 50-16.10. (Insofar as the repealed sections related to custody of minor children, they and certain other statutes were replaced by G.S. 50-13.1 through G.S. 50-13.8, enacted by Chapter 1153 of the 1967 Session Laws.) Since the present action was commenced after the effective date of the 1967 Act, the provisions of G.S. 50-16.1, *et seq.* here control.

BLAKE *v.* BLAKE

**[3-5]** G.S. 50-16.8(f), which governs in this case, provides that "(w)hen an application is made for alimony pendente lite, the parties shall be heard orally, upon affidavit, verified pleading, or other proof, and *the judge shall find the facts from the evidence so presented."* (Emphasis added.) Under this statute the judge must now "find the facts from the evidence so presented." Under the old statute, the Supreme Court had admonished that this be done; the new statute now commands it. In making such findings of fact it is not necessary that the trial judge make detailed findings as to each allegation and evidentiary fact presented. It is necessary that he find the ultimate facts sufficient to establish that the dependent spouse is entitled to an award of alimony *pendente lite* under the provisions of G.S. 50-16.3(a). The determination of the amount and the payment of alimony *pendente lite* is to be made in the same manner as alimony, except that alimony *pendente lite* shall be limited to the pendency of the suit in which the application is made. G.S. 50-16.3(b). Alimony, both permanent and *pendente lite,* "shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." G.S. 50-16.5(a).

**[6, 7]** In the order appealed from in the present case the trial judge did not comply with the requirements of G.S. 50-16.8(f) that "the judge shall find the facts from the evidence." This he now must do. Since in any event the cause must be remanded for rehearing on defendant's motion for alimony *pendente lite* and counsel fees, it is not necessary for us to consider appellant's further contention that the trial judge abused his discretion in fixing the amount of the awards which he made. The amounts which may be awarded upon the rehearing should be based on the evidence then presented and should be determined in the sound discretion of the trial judge having due regard to the factors referred to in G.S. 50-16.5(a).

Error and remanded.

CAMPBELL and GRAHAM, JJ., concur.