GENEVIEVE HATCHER v. BRUCE Y. HATCHER

No. 7010DC110

(Filed 1 April 1970)

**1. Divorce and Alimony § 18— alimony pendente lite — necessity for and sufficiency of findings of fact**

G.S. 50-16.8(f) requires the trial judge to make findings of fact upon an application for alimony *pendente lite;* although the judge need not make findings as to each allegation and evidentiary fact, it is necessary for him to make findings from which it can be determined on appellate review that an award of alimony *pendente lite* is justified.

**2. Divorce and Alimony § 18— alimony pendente lite — order — insufficiency of findings**

Order of the trial court directing the husband to pay alimony *pendente lite* to the wife and counsel fees to her attorney, *held* erroneous where there were no findings of fact that the husband abandoned the wife and that he was capable of making the required payments. G.S. 50-16.8(f), G.S. 50-16.3(a)(1), G.S. 50-16.5(a).

**3. Rules of Civil Procedure § 52; Divorce and Alimony § 18— alimony pendente lite — necessity for findings — Rule 52(a)(2)**

The provision of Rule 52(a)(2) that the trial judge is not required to make findings of fact unless requested to do so by a party does not abrogate the specific requirement of G.S. 50-16.8(f) that the trial judge shall make findings of fact upon an application for alimony *pendente lite.*

**4. Rules of Civil Procedure § 1— scope of rules — general application**

The Rules of Civil Procedure are of general application and do not abrogate the requirements of a statute of more specificity.

APPEAL by defendant from *Barnette, District Judge,* 1 November 1969 Session, WAKE District Court.

This is an action for alimony without divorce brought by plaintiff-wife alleging constructive abandonment by the defendant-husband. In her complaint plaintiff alleged: That the parties were married on 26 October 1968 and lived together as man and wife until 1 June 1969; that on 31 May 1969 defendant threatened plaintiff with violence and ordered her out of their house; that the plaintiff, pursuant to defendant's order to "get out" and fearing for her safety, took her two children by a previous marriage and left the home she had shared with the defendant; that the above acts were not provoked by the plaintiff; that no children were born to this marriage; that the plaintiff is forty eight years old and unable to obtain gainful employment; and that defendant has failed and refused to provide support for plaintiff, and still refuses even though he has sufficient income to do so.

Defendant answered, alleging as a defense: that at no time during the marriage had he abused or threatened the plaintiff; that she left the home voluntarily; that he offered to provide support for the plaintiff if she would live in his home; and that he has never refused to support her. Defendant also offered affidavits concerning his past life, his general character and reputation in the community, and his financial condition.

After a hearing set for determination of plaintiff's motion for alimony *pendente lite* and reasonable attorney's fees, the district judge entered an order dated 12 November 1969 which provides in pertinent part as follows:

> ". . . it appearing to the court from the pleadings and affidavits submitted and from the oral testimony introduced by both the plaintiff and the defendant that the plaintiff is a dependent spouse without the means with which to support herself and is entitled to the relief demanded and that the plaintiff has not sufficient means to defray the proper and necessary expenses of this action, including reasonable attorney's fees; . . ."

Defendant appealed.

*T. Yates Dobson, Jr., for defendant appellant.*

*McDaniel and Fogel, by L. Bruce McDaniel, for plaintiff appellee.*

BROCK, J.

The only question presented by this appeal is whether the order appealed from contains sufficient findings of fact to support an award of alimony *pendente lite* and counsel fees.

[1] G.S. 50-16.8(f), which is applicable to this case, provides: "When an application is made for alimony *pendente lite*, the parties shall be heard orally, upon affidavit, verified pleading, or other proof, and *the judge shall find the facts* from the evidence so presented." (Emphasis added.) As pointed out by Parker, J., in *Blake v. Blake*, 6 N.C. App. 410, 170 S.E. 2d 87, the present statutory requirement for findings of fact by the trial judge in *pendente lite* awards of alimony is a departure from the practice as it existed prior to 1 October 1967.

[2] If it can be said that the trial judge has sufficiently found that the plaintiff is a dependent spouse (50-16.3(a)), and that he has sufficiently found that the plaintiff does not have sufficient means

whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof (50-16.3(a)(2)); nevertheless the order as entered is devoid of a finding that defendant abandoned plaintiff so as to entitle her to relief in her action for alimony without divorce and to alimony *pendente lite* upon this motion (50-16.3(a)(1)). Also the order is devoid of a finding that the defendant is capable of making the payments required (50-16.5(a)).

[1] We do not interpret G.S. 50-16.8(f) to require the trial judge to make findings as to each allegation and evidentiary fact presented. *Blake v. Blake, supra.* However, it is necessary for the trial judge to make findings from which it can be determined, upon appellate review, that an award of alimony *pendente lite* is justified and appropriate in the case.

[3, 4] Plaintiff-appellee contends that Rule 52(a)(2) of the Rules of Civil Procedure (G.S. Chap. 1A), which became effective January 1, 1970, is controlling in this case and that the judge was not required to make findings of fact unless requested to do so by a party. We do not agree. The Rules of Civil Procedure are of general application and would not abrogate the requirements of a statute of more specificity. Therefore, since G.S. 50-16.8(f) refers specifically to an application for alimony *pendente lite*, it would control in the case before us.

This case is remanded for rehearing on plaintiff's motion for alimony *pendente lite* and attorney's fees.

Error and remanded.

BRITT and GRAHAM, JJ., concur.