IRENE C. CANNON v. SAM B. CANNON

No. 7218DC400

(Filed 28 June 1972)

1. **Divorce and Alimony § 18— alimony pendente lite — needs of dependent spouse**
   In determining the needs of a dependent spouse, all of the circumstances of the parties should be taken into consideration, including the property, earnings, earning capacity, condition and accustomed standard of living of the parties. G.S. 50-16.5.

2. **Divorce and Alimony § 18— dependent spouse — ownership of more property than supporting spouse**
   The trial court did not err in determining that plaintiff wife was a dependent spouse even though she had more extensive property assets than defendant husband.

APPEAL by defendant from an Order entered by *Washington, District Judge,* 4 February 1972, following a hearing at the 2 September 1971 Session of District Court held in Guilford County.

Plaintiff-wife, Irene B. Cannon, instituted this action for alimony without divorce, alimony *pendente lite,* and attorney fees. She alleged that defendant abandoned her and offered her such indignities as to render her condition intolerable and her life burdensome; that, furthermore, the defendant was an excessive user of alcohol so as to render her condition intolerable and her life burdensome, all without justification.

Defendant-husband, Sam B. Cannon, denied the material allegations of the complaint, and further answered as a defense that plaintiff abandoned the defendant and offered him such indignities as to render his condition intolerable and his life burdensome.

The order, which was entered after evidentiary hearing before the District Judge, contained the following:

"(3) That one year after their marriage it appeared expedient for the defendant to give up the position he then had and to take another position which would permit him to maintain his headquarters in High Point, N. C., which was the home of the plaintiff; . . . that plaintiff and her first husband owned a beautiful home in the City of High Point, and defendant moved into said home with the plaintiff . . . .

"That the home has a market value of between $60,000 and $65,000; . . . that the home is solely owned by the plaintiff, and it is clear of mortgages and indebtedness except for annual taxes which amount to approximately $1,200, and the expense of repairs from time to time and maintenance; . . . that plaintiff's said [former] husband and herself owned a vacant lot at Holden's Beach, N. C., and approximately forty-one acres of vacant mountain land adjoining the Blue Ridge Parkway in Mitchell and McDowell Counties as estate by the entirety; that the balance of his property, consisting of stocks and bonds, was left in trust for their two sons, with the income payable to the plaintiff for her life . . . . [T]hat plaintiff's gross ordinary income for 1970 was approximately $3,800, which included interest of $754.04 from a note and deed of trust given as part of the purchase price of the sale of part of the Holden Beach property, and it is anticipated that her income for 1971 will be approximately the same.

" . . . [T]hat in addition plaintiff has put all her income into a joint bank account with the defendant which has been used each year toward the payment of their living expenses; that plaintiff introduced an itemized statement of her estimated expenses per month for the year 1971 totaling $757, . . . and estimated that her total minimum

expenses per month would be $1,000, which the court finds is not unreasonable; that the plaintiff, since her separation from her husband, has tried diligently to obtain employment, but has been unable to do so because of her age and lack of experience; . . . that the only way in which the plaintiff can meet her current expenses and to subsist during the prosecution of this suit and to defray the necessary expenses thereof would be for her to sell her home or stocks which would further deplete her annual income, or sell her remaining beach property or her mountain property, which she testified would not be advisable or expedient at this time, and which the court finds she should not be forced to do.

"(4) The court finds as a fact that the plaintiff is actually substantially dependent upon the defendant for her maintenance and support, or is substantially in need of maintenance and support from the defendant, and is a 'dependent spouse' within the meaning of G.S. Sec. 50-16.1. The court further finds that the plaintiff has not sufficient means whereon to subsist during the prosecution of this suit and to defray the necessary expenses thereof within the meaning of G.S. Sec. 50-16.3.

"(5) . . . 'In the year 1970 he [defendant] made approximately $13,000 in gross income' and that 'During the year 1971, based on commissions thus far received, he expects to have a gross income of between $15,000 and $16,000, before deducting business expenses;' . . . that the defendant owns no real property, and possesses no stocks, bonds, or securities; that the only personal property he owns are his personal effects and a new automobile on which he is making payments of $111.37 per month . . . .

"(6) The court finds that the defendant is a 'supporting spouse' under the provisions of G.S. Sec. 50-16.1, and was, at the time of the separation and the institution of this action, and at the time of this hearing, able to comply with the terms of this order.

\*　　　\*　　　\*

"(11) That the court finds as a fact that the defendant has abandoned the plaintiff; that he has offered such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome; that the defend-

ant is an excessive user of alcohol so as to render the position of plaintiff intolerable and the life of the plaintiff burdensome, under the provisions of G.S. 50-16.2(4), (7), (9).

"(12)   The court finds that James B. Lovelace, attorney for the plaintiff, spent 29½ hours in his office in the preparation of this cause for hearing, and ½ day in court before the hearing was continued, and 1 and ½ additional days in the hearing in this cause, and that a fee of $750 is a reasonable attorney fee to be paid for representing the plaintiff."

Based on its findings of fact, the District Court ordered that defendant pay the sum of $50 per week to plaintiff as alimony *pendente lite* and that defendant pay to plaintiff's attorney the sum of $750 for representing the plaintiff.

From the foregoing order defendant appealed.

*Lovelace & Hardin, by James B. Lovelace, for plaintiff-appellee.*

*Lambeth & Rogers, by Charles F. Lambeth, Jr., for defendant-appellant.*

BROCK, Judge.

The defendant through his counsel of record has moved that his brief be amended in the following respects:

"On page 2 of the brief, following the word ARGUMENT in the center of the page, the following words should be inserted:

(Defendant's Exception No. 2, Rpp. 17-18, 26, and Assignment of Error # 2, Rp. 27)."

We have allowed this motion.

Also the plaintiff through her counsel of record has moved that the case be dismissed. This motion is denied.

The assignment of error brought forward on this appeal by defendant challenges the court's determination in paragraph number 4 of the order that the plaintiff is a "dependent spouse" and has not sufficient means to subsist during the prosecution of this action and to defray the necessary expenses thereof.

Cannon v. Cannon

In G.S. 50-16.3 (a) it is provided that a dependent spouse, who is a party to an action for alimony without divorce, shall be entitled to an order for alimony *pendente lite* when:

"(1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8 (f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and

(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

This Court has held that a "dependent spouse" is entitled to an award of alimony pendente lite only when the above two conditions are met. *Davis v. Davis,* 11 N.C. App. 115, 180 S.E. 2d 374; *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138.

The defendant on this appeal does not question the District Court's finding that the plaintiff has made out a *prima facie* case for relief—the first of the above conditions for an award of alimony *pendente lite.* He only contends that the evidence does not support a determination that the second condition is met—that the plaintiff is a dependent spouse.

A "dependent spouse" is defined in the statute, G.S. 50-16.1 (3), as follows:

"(3) 'Dependent spouse' means a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse."

Defendant asserts in his brief that plaintiff was not actually substantially dependent upon him and that she was not substantially in need of maintenance and support from him, because she had some income and had more extensive property assets than defendant.

[1, 2] In determining the needs of a dependent spouse, all of the circumstances of the parties should be taken into consideration, including the property, earnings, earning capacity, condition and accustomed standard of living of the parties. G.S. 50-16.5; *Peeler v. Peeler,* 7 N.C. App. 456, 172 S.E. 2d 915. In the present case, the District Court weighed all the evidence relating to the above circumstances to be considered and made

detailed findings relating to these circumstances. We are of the opinion that the court did not commit error in determining that the plaintiff was a dependent spouse, even though there was some disparity between the value of the property owned by the plaintiff and that owned by defendant.

"Alimony pendente lite is measured, among other things, by the needs of the dependent spouse and the ability of the supporting spouse. The mere fact that the wife has property or means of her own does not prohibit an award of alimony pendente lite. *Sayland v. Sayland,* 267 N.C. 387, 148 S.E. 2d 218 (1966)." *Peeler v. Peeler, supra.*

"In *Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227 (1964), the following appears: 'Facts found by the judge are binding upon this court if they are supported by any competent evidence notwithstanding the fact that appellant has offered evidence to the contrary.' This rule is applicable in the instant case." *Peeler v. Peeler, supra.* This same principle applies to the case now before us.

The order appealed from is

Affirmed.

Chief Judge MALLARD and Judge CAMPBELL concur.