NELL G. WHITNEY v. WILLIAM W. WHITNEY

No. 7226DC211

(Filed 28 June 1972)

**Divorce and Alimony § 18— alimony pendente lite — findings — right to relief demanded**

The trial court erred in awarding alimony *pendente lite* to the wife absent a finding that the wife is entitled to the relief demanded in the action in which the application for alimony *pendente lite* was made.

APPEAL by defendant from *Griffin, District Judge,* 16 August 1971 Session of District Court held in MECKLENBURG County.

This is a civil action for alimony without divorce heard on plaintiff's application for alimony *pendente lite* and counsel fees. After hearing, the Court made the following pertinent findings of fact:

"1. The Court takes the complaint of the plaintiff as an affidavit and incorporates the facts of said complaint into this order for the purposes of this hearing.

2. The defendant has filed answer to the complaint and has admitted that the plaintiff and defendant were married as alleged in the complaint and has also admitted that he left the home of himself and the plaintiff on or about the first day of June, 1971, and has since made no payments to the plaintiff for her support.

3. The defendant also admits in his answer that he is an able-bodied man in good health who is employed by Ralph Whitehead and Associates as an engineer; that he receives a salary from his employment of in excess of $10,000.00 per year and that he receives compensation or reimbursement for his travel, lodging and board while out of town on behalf of his employer.

\* \* \*

5. The defendant further admits in his answer that the plaintiff and defendant own a home and the land on which it stands at 2227 Hassell Place, Charlotte, North Carolina, as tenants by the entirety and that he, the defendant, has moved out of the home and is living in an apartment.

6. The Court further finds as a fact from the evidence of the plaintiff and the defendant that the defendant has furnished no support for the plaintiff since approximately June of 1968 with the exception of letting her use an automobile, a gasoline credit card and paid the automobile insurance.

\* \* \*

8. The Court further finds from the evidence that the defendant receives more than $10,000.00 per year salary plus other fringe benefits from his employer and that the

plaintiff receives $2,500.00 per year plus fringe benefits from her employer; that the plaintiff is employed on a year-to-year basis and that her job is insecure as opposed to the defendant's position as an engineer with Ralph Whitehead and Associates; that there is no evidence that the defendant's job is insecure but on the contrary there is evidence that his job is secure; that the defendant's employer is presently considering other benefits including a profit-sharing plan and a pension plan and that the evidence shows that the defendant would be eligible under such plans.

\* \* \*

10. The Court also finds as a fact that Samuel M. Millette, Attorney for the plaintiff, has rendered valuable legal services to the plaintiff and that the plaintiff is not able to pay said legal fees."

Based upon the above findings the Court made the following conclusions of law:

"1. The Court finds as a matter of law that the plaintiff is the dependent spouse and that she is actually substantially dependent upon the defendant for her maintenance and support and that she is substantially in need of maintenance and support from the defendant and is entitled to such support pendente lite.

2. That based on the above findings of fact the Court concludes as a matter of law that the defendant is the supporting spouse.

3. The Court also finds from the above-setout facts and concludes as a matter of law that the dependent spouse, the plaintiff, has not sufficient means whereon to subsist during the prosecution of her suit and to defray the necessary expenses thereof."

From an order awarding plaintiff alimony *pendente lite* at the rate of $400 a month and counsel fees in the amount of $500, the defendant appealed to the Court of Appeals.

*Bradley, DeLaney & Millette by Samuel M. Millette for plaintiff appellee.*

*Hamel & Cannon by Thomas R. Cannon for defendant appellant.*

HEDRICK, Judge.

Under G.S. 50-16.3 (a) a dependent spouse who is a party to an action for divorce, annulment, or alimony without divorce, shall be entitled to an order for alimony *pendente lite* when:

> "(1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8 (f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made; and

> (2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

If it can be said that the trial judge sufficiently found that the plaintiff was a dependent spouse, and that she did not have sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof, and that these findings are supported by the evidence, the order as entered, nevertheless, must be vacated for it does not contain a sufficient finding that such dependent spouse is entitled to the relief demanded in the action in which the application for alimony *pendente lite* was made. Such a finding is essential. As was said by Chief Judge Mallard in *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971):

> " * * * The two quoted sections of G.S. 50-16.3 (a) are connected by the word 'and'; it is therefore mandatory that the grounds stated in both of these sections shall be found to exist before an award of alimony *pendente lite* may be made."

For the reasons stated, the order appealed from is vacated and the case is remanded for a new hearing on plaintiff's motion for alimony *pendente lite* and counsel fees.

Vacated and remanded.

Judges BROCK and VAUGHN concur.