BRUCE ERNEST SPRINKLE, JR. v. DELORES DRAKE SPRINKLE

No. 7226DC646

(Filed 29 December 1972)

1. **Divorce and Alimony §§ 16, 18— hearing on alimony pendente lite — dismissal of action for alimony without divorce error**

Where defendant wife's cross action was for alimony *pendente lite*, counsel fees and permanent alimony without divorce, a dismissal of the entire claim on its merits after a hearing for temporary alimony was error since the trial court failed to make findings of fact on the alleged grounds for permanent alimony.

2. **Divorce and Alimony § 18— alimony pendente lite — required findings of fact**

In a hearing for alimony *pendente lite* it is not required that the trial judge make findings as to each allegation and evidentiary fact presented; rather, it is necessary for the judge to make findings from which it can be determined, upon appellate review, that an award of alimony *pendente lite* is justified and appropriate in the case. G.S. 50-16.3; G.S. 50-16.8.

3. **Divorce and Alimony § 18— alimony pendente lite — sufficiency of findings of fact**

A finding by the trial court that the defendant wife was supporting herself, but that she could not be represented in the divorce action by counsel without financial help from her husband was equivalent to a finding that she did not have sufficient means whereon to subsist during the defense of the suit and to defray the expenses thereof, and that finding was equivalent to a finding that the wife was substantially in need of support from the husband; therefore, having found facts which showed only that the wife was a dependent spouse, the court erred in denying alimony *pendente lite* without finding against the wife on any one of the other issues raised in her application for alimony *pendente lite*. G.S. 50-16.6; G.S. 50-16.3.

**4. Divorce and Alimony § 18— alimony pendente lite — basis of award**

Alimony *pendente lite* is measured, among other things, by the needs of the dependent spouse and the ability of the supporting spouse to pay.

**5. Divorce and Alimony § 18— alimony pendente lite — needs of dependent spouse**

The spouse making application for alimony *pendente lite* must show a substantial need to approximate his accumstomed station in life, not a substantial need in order to exist.

**6. Divorce and Alimony § 18— award of counsel fees — necessity for award of alimony pendente lite**

A spouse who is not entitled to alimony *pendente lite* is also not entitled to an award of counsel fees. G.S. 50-16.4.

**7. Divorce and Alimony § 18— alimony pendente lite — counsel fees — insufficiency of findings**

Where the trial court made no findings of fact which were sufficient to support an award of alimony *pendente lite*, there were no findings of fact sufficient to support an award of reasonable counsel fees and judgment of the trial court awarding defendant wife such fees is vacated.

APPEAL by defendant-wife from *Arbuckle, District Judge,* 10 April 1972 Session of MECKLENBURG District Court.

Plaintiff-husband filed a complaint on 6 December 1971 alleging that he and defendant-wife were lawfully married on 17 November 1962; that they have lived continuously separate and apart from each other since 10 November 1970; and that there were no children born of the marriage, but that an interlocutory decree of adoption of two children had been entered. Plaintiff-husband prayed for a decree of absolute divorce.

Defendant-wife, on 20 January 1972, filed an answer in which she alleged that after the filing and entering of the interlocutory adoption decree, the plaintiff-husband moved and was allowed to dismiss the adoption proceeding; that the defendant-wife is a dependent spouse within the meaning of G.S. 50-16.1(3) ; that the plaintiff-husband is the supporting spouse within the meaning of G.S. 50-16.1(4) ; that on or about 28 November 1970 the plaintiff-husband did, without just cause or provocation, willfully abandon the defendant-wife; that since the abandonment, plaintiff-husband has failed to provide defendant-wife with adequate funds with which to support herself, thus making her life intolerable and her condition burdensome; and that defendant-wife has insufficient means whereby to defray the costs and expenses incurred as a result of this action.

Defendant-wife, in her answer and cross action, prayed for relief in that absolute divorce be denied; that she be awarded alimony pendente lite and counsel fees; and that she be awarded permanent alimony without divorce.

Defendant's claim for alimony pendente lite and counsel fees came on for hearing before Judge Arbuckle on 14 April 1972, at which time the court found the following facts:

"(1) That the defendant has a net take-home pay of from $80.00 to $85.00 per week.

(2) That she produced an expense figure of $335.00.

(3) That the court finds that she is living within her earnings and able to support herself.

(4) That the defendant is entitled to have counsel appear for her in court."

Upon these findings of fact the court entered an order *dismissing* the defendant-wife's answer and cross action in its entirety, denying her alimony pendente lite, and granting her an award of $200.00 counsel fees.

*Scarborough, Haywood & Selvey by William H. Scarborough for plaintiff appellee.*

*Hamel & Cannon by Thomas R. Cannon for defendant appellant.*

CAMPBELL, Judge.

The defendant-wife's appeal brings before this Court several questions: (1) Did the trial court err in dismissing her claim for permanent alimony without divorce in a hearing to determine if she was entitled to alimony pendente lite? (2) Did the trial court find sufficient facts to support a denial of alimony pendente lite? (3) Did the trial court find sufficient facts to support an award of counsel fees?

[1]   I. Prior to 1 October 1967 G.S. 50-16 provided that upon proving enumerated grounds for divorce the wife could be awarded a reasonable subsistence and counsel fees in an action instituted by her, or in a cross action, for alimony without divorce, absolute divorce, or divorce from bed and board. It was held by the Supreme Court that this section created two distinct and separate remedies: one for alimony without divorce, and the

Sprinkle v. Sprinkle

other for alimony pendente lite and counsel fees. When the trial court conducts a hearing upon application for alimony pendente lite and counsel fees, upon denial of alimony pendente lite the court has no jurisdiction to dismiss an action for alimony without divorce. A hearing to determine an award of alimony pendente lite is interlocutory in nature, and the issues are not the same as those presented by a claim for divorce or alimony without divorce; for this reason it has been held that a hearing on motion for alimony pendente lite and counsel fees is not a hearing on the merits, and the court is without jurisdiction to dismiss the action as of nonsuit. *Briggs v. Briggs,* 234 N.C. 450, 67 S.E. 2d 349 (1951); *Bond v. Bond,* 235 N.C. 754, 71 S.E. 2d 53 (1952); *Flynt v. Flynt,* 237 N.C. 754, 75 S.E. 2d 901 (1953).

In *Griffith v. Griffith,* 265 N.C. 521, 144 S.E. 2d 589 (1965), the wife brought an action for alimony without divorce. On hearing for alimony pendente lite and counsel fees the trial court found that she had a substantial salary, denied pendente lite allowance, but ordered defendant-husband to pay child support and $500.00 counsel fees. Plaintiff moved for voluntary nonsuit, which was denied, based on the ruling in the *Briggs* case. The Supreme Court, in reversing the trial court, pointed out that *Briggs* and related cases held that the court may not dismiss an action after a hearing for alimony pendente lite because the claimant has the right to try the merits of the case *before the jury* for permanent alimony; but where the claimant asks for the dismissal, as in *Griffith,* then the dismissal is all right.

In construing the new statute, G.S. 50-16.1 *et seq.,* this Court held, in *Williams v. Williams,* 13 N.C. App. 468, 186 S.E. 2d 210 (1972), that the procedure to be followed in actions for alimony without divorce is the same as that applicable to other civil actions, and that, upon failure to demand a jury trial in accordance with Rule 38(b), the claimant waives his right to jury trial. There does not appear to be a demand for jury trial in the record of the case at bar by either plaintiff or defendant, and for that reason the right to jury trial has been waived. Therefore, trial must be before the court sitting without a jury.

In cases where the trial judge passes on the facts, it is necessary that he (1) find the facts *on all issues joined on the pleadings,* (2) declare the conclusions of law arising on the facts, and (3) enter judgment accordingly. *Williams v. Williams, supra.*

In the case at bar the wife's cross action alleged that she is a dependent spouse, that her husband is the supporting spouse, and that he had committed two of the grounds for alimony enumerated in G.S. 50-16.2: abandonment and failure to support. The trial court made no findings on the alleged grounds for permanent alimony, which are issues joined on the pleadings, and for that reason a dismissal of the claim on the merits after the hearing for temporary alimony was error.

II. Whether a dependent spouse is entitled to alimony pendente lite depends upon the facts in each case in relation to the applicable statutory requirements.

G.S. 50-16.3 provides that:

"(a) A dependent spouse who is a party to an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce, shall be entitled to an order for alimony pendente lite when:

(1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and

(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

G.S. 50-16.8(a) provides that the procedure in actions for alimony and actions for alimony pendente lite shall be as in other civil actions. Subsection (f) provides, "When an application is made for alimony pendente lite, the parties shall be heard orally, upon affidavit, verified pleading, or other proof, and *the judge shall find the facts* from the evidence so presented." (Emphasis added.)

A. REQUIRED FINDINGS OF FACT.

[2] These statutory enactments are entirely different from prior law in this area. They require that the trial judge find the facts from the evidence presented; however, it is not required that the trial judge make findings as to each allegation and evidentiary fact presented. The statute makes it necessary for the trial judge to make findings from which it can be determined,

upon appellate review, that an award of alimony pendente lite is justified and appropriate in the case. *Hatcher v. Hatcher,* 7 N.C. App. 562, 173 S.E. 2d 33 (1970). The trial judge must find the *ultimate facts* on each issue which are sufficient to establish that the dependent spouse is entitled to an award of alimony pendente lite. *Blake v. Blake,* 6 N.C. App. 410, 170 S.E. 2d 87 (1969).

Such an award can be supported only by findings of ultimate facts to the extent that:

(1) The spouse to whom it is given a dependent spouse (G.S. 50-16.3(a));

(2) The supporting spouse is capable of making the payments required (G.S. 50-16.5(a));

(3) It appears from the evidence that the dependent spouse is entitled to the relief demanded by such spouse in the action (G.S. 50-16.3(a)(1)) (that the alleged ground for alimony appears to be true);

(4) It appears from the evidence that the dependent spouse does not have sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof (G.S. 50-16.3(a)(2)). *Hatcher v. Hatcher, supra; Whitney v. Whitney,* 15 N.C. App. 151, 189 S.E. 2d 629 (1972).

B. SUFFICIENCY OF THE FINDINGS OF FACT.

[3] The facts found in an alimony pendente lite case must be determinative of all the questions at issue in the proceeding. Specific factual findings as to each ultimate fact in issue upon which the rights of the litigants are predicated must be found. A failure to make a proper finding of fact in a matter at issue between the parties will result in prejudicial error, especially where the evidence is conflicting. A finding of fact in an alimony pendente lite matter is a narrative statement by the trial judge of the *ultimate fact* at issue and need not include the evidentiary or subsidiary facts required to prove the ultimate facts. *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971).

In *Peoples* this Court had occasion to determine the sufficiency of a trial court's findings of fact as tested by the statutory requirement. It was held that findings that the defendant left the home, had abandoned the plaintiff, and had failed to

provide adequate support for her are narrative statements of some of the ultimate facts at issue, not conclusions.

However, it was also held that to find that one is a "dependent spouse" or a "supporting spouse" is a consequence of two or more related propositions taken as premises, and thus, the finding would be a conclusion not supported by a finding of fact.

G.S. 50-16.1(3) provides two different factual situations from which the conclusion could be reached that a spouse is a dependent spouse: (1) when a spouse is actually substantially dependent upon the other spouse for his or her maintenance and support; and (2) when a spouse is substantially in need of maintenance and support from the other spouse.

The evidence upon which the findings in the instant case were based is not within the record. Since the evidence is not brought forward in the record, the findings must be deemed supported by competent and sufficient evidence.

However, although it be deemed that the evidence supports the findings of fact, it does not follow that the findings of fact support the conclusion of law. The trial court found that the wife is living within her earnings and is able to support herself, but that she is entitled to have counsel appear for her in court. Based upon that finding the court concluded that she is not entitled to alimony pendente lite, but that she is entitled to $200.00 counsel fees. The conclusion is not consistent with the factual finding, and is contrary to applicable law.

A finding that the wife is now supporting herself, but that she cannot be represented in the divorce action by counsel without financial help from her husband is equivalent to a finding that she does not have sufficient means whereon to subsist during the defense of the suit *and* to defray the expenses thereof (G.S. 50-16.3(a)(2)); and that finding is equivalent to a finding that the wife is substantially in need of support from the husband (G.S. 50-16.1(3)). The latter finding is one of the two alternative conditions which supports the conclusion that she is a dependent spouse.

Having found facts which show only that the wife *is a dependent spouse,* it was error for the court to deny alimony pendente lite without finding against her on any one of the other issues raised in her application for alimony pendente lite, which

issues are: (1) that the supporting spouse is capable of making the payments required (G.S. 50-16.5(a)); and (2) that it appears from the evidence that the husband did abandon the wife, or that he has willfully failed to provide her with necessary subsistence so as to render the condition of the wife intolerable and her life burdensome. (G.S. 50-16.3(a)(1)).

C. THE NATURE AND PURPOSE OF ALIMONY PENDENTE LITE.

The remedy established for the subsistence of the wife pending the trial and final determination of the issues involved and for her counsel fees is intended to enable her to maintain herself *according to her station in life* and to have sufficient funds to employ adequate counsel to meet her husband at the trial *upon substantially equal terms. Myers v. Myers,* 270 N.C. 263, 154 S.E. 2d 84 (1967); *Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226 (1952).

That the wife is *now* employed and able to support herself on her earnings does not answer the issue whether, under the circumstances of prolonged litigation, she will be capable of supporting herself and meeting her husband at the trial upon substantially equal terms. It appears from the order that the trial judge had some doubt as to the wife's ability to defray the cost of this divorce litigation and to support herself during the pendency of the trial, for otherwise he would not have granted her counsel fees. As will be shown below, it was improper for the trial judge to deny her application for alimony pendente lite, but grant an award of counsel fees. The entering of such an order indicates that the trial judge misunderstood the applicable law.

In determining the needs of a dependent spouse, all of the circumstances of the parties should be taken into consideration, including the property, earnings, earning capacity, condition and accustomed standard of living of the parties. G.S. 50-16.5.

[4]  Alimony pendente lite is measured, among other things, by the needs of the dependent spouse and the ability of the supporting spouse. The mere fact that the wife has property or means of her own does not prohibit an award of alimony pendente lite. *Cannon v. Cannon,* 14 N.C. App. 716, 189 S.E. 2d 538 (1972). In the *Cannon* case the wife owned the home free of encumbrances and had a yearly income of about $3,800.00. She also owned stock and beach and mountain real property which she alleged she would have to sell if her husband did not

support her. The husband owned no real property or income producing personal property, and earned a yearly income of about $15,000.00. The Court of Appeals affirmed the trial court's finding that the wife was a dependent spouse.

In *Peeler v. Peeler,* 7 N.C. App. 456, 172 S.E. 2d 915 (1970), the plaintiff-wife sued for alimony without divorce, and was granted alimony pendente lite and counsel fees. Plaintiff was employed and had a total net monthly income of $280.00. In addition she owned bonds, cash and an automobile, all valued at $8,000.00. The court's holding that she was a dependent spouse was affirmed.

[5] In order to be deemed a dependent spouse it is not necessary that the spouse should be unable to exist without the aid of the other spouse. The spouse need not be impoverished before the court can make an award. Alimony is determined by the needs of the spouse and the ability of the supporting spouse to pay. The spouse making application for alimony pendente lite must show a substantial need to approximate her accustomed station in life, not a substantial need in order to exist. *Peeler v. Peeler, supra.*

III. The purpose of the allowance for counsel fees is to put the dependent spouse on substantially even terms with the husband in the litigation. *Harrell v. Harrell,* 253 N.C. 758, 117 S.E. 2d 728 (1961). Prior to 1 October 1967, even though the trial court had denied the applicant alimony pendente lite it could properly allow counsel fees in order that the dependent spouse could have adequate means to meet the other spouse at the trial upon substantially equal terms. *Deal v. Deal,* 259 N.C. 489, 131 S.E. 2d 24 (1963).

G.S. 50-16.1 *et seq.,* effective as of 1 October 1967, keys all spousal awards in the nature of permanent alimony, alimony pendente lite and counsel fees to a common factual status of the spouse to whom the award is granted: that spouse must be a dependent spouse within the meaning of G.S. 50-16.1(3). G.S. 50-16.4 further qualifies the spousal right to counsel fees: *"At any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3, the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony."* (Emphasis added.)

[6] Because of the clear statutory mandate, a spouse who is not entitled to alimony pendente lite is also not entitled to an award of counsel fees. See *Presson v. Presson,* 13 N.C. App. 81, 185 S.E. 2d 17 (1971), in which this Court held that where the findings of fact do not support an award of alimony pendente lite, those findings do not support an award of counsel fees either.

[7] Since the trial court made no findings of fact which are sufficient to support an award of alimony pendente lite, there are no findings of fact sufficient to support an award of reasonable counsel fees. The same findings required to support alimony pendente lite are required to support an award of counsel fees. *Smith v. Smith,* 15 N.C. App. 180, 189 S.E. 2d 525 (1972).

The judgment below must be vacated, and this cause remanded for rehearing on defendant-wife's application for alimony pendente lite and counsel fees, which application shall be granted or denied based on findings of fact in accordance with this opinion.

Vacated and remanded for rehearing.

Judges MORRIS and PARKER concur.