EMMA S. NEWSOME v. HOLLIS NEWSOME

No. 746DC506

(Filed 7 August 1974)

1. **Divorce and Alimony § 18— alimony pendente lite — required findings**
     While it is not required that the trial judge make findings as to each allegation and evidentiary fact presented in a hearing for alimony *pendente lite,* the judge must make findings from which it can be determined upon appellate review that an award of alimony *pendente lite* is justified and appropriate.

2. **Divorce and Alimony § 18— alimony pendente lite — insufficiency of findings**
     The trial court erred in awarding alimony *pendente lite* and counsel fees to plaintiff wife where the court merely concluded that plaintiff was a dependent spouse and substantially in need of maintenance and support from defendant husband but made no findings as to plain-

tiff's needs and expenses, her accustomed standard of living or her present standard of living. G.S. 50-16.3.

APPEAL by defendant from *Blythe, District Judge* at the 25 January 1974 Session of HERTFORD County District Court. Heard in the Court of Appeals 19 June 1974.

This is a civil action instituted for alimony pendente lite, permanent alimony and counsel fees. The parties were married on 30 March 1973 but had lived together in New York for three years prior to that date. The plaintiff has a 13-year-old daughter; however, there were no children of the marriage to defendant; and apparently defendant did not adopt plaintiff's child. The plaintiff alleged that on 28 October 1973, after the plaintiff stated that she wanted to go to her mother's to get some food, the defendant ordered the plaintiff to get out of the house. The plaintiff further alleged that on 14 October 1973, the defendant beat her and that as a result she left the house. The defendant was subsequently convicted of assault on a female for the incident. Approximately $3,000 was furnished by the plaintiff as the down payment on the parties' home which they own as tenants by the entirety. The defendant provides the house payments of $130 per month. The plaintiff removed from the house all the furniture for which she paid. The defendant has since changed the locks on the house. The plaintiff has been living with her mother, and after 14 October 1973, she obtained a job as a log scaler earning $100 per week. At the second hearing on the matter, one week after the first hearing, the evidence consisted of the following sentence by plaintiff: "I am not now working because I have no transportation." The plaintiff has apparently retained some $1,100 as the balance of her retirement pay which she withdrew upon leaving her job in New York. The defendant's income is approximately $178 per week.

The trial court, based on the above evidence, found as a fact that:

"Plaintiff has no independent source of income with which to presently support herself and her 13 year old daughter and with which to defray household expenses incurred while she is living with her mother.

7. Plaintiff, who has retained an attorney, presently does not have funds available with which to defray the necessary expenses of litigation in this suit."

The trial court then issued the following conclusions of law: "(b) The plaintiff is a dependent spouse, to wit: she presently has no independent source of income and is substantially in need of maintenance and support from her husband.

\* \* \*

(b) Plaintiff is without sufficient means with which to sustain herself and to defray the necessary expenses during the prosecution of her suit."

The trial court then ordered:

"1. That the defendant turn over the keys to the house to the plaintiff and the plaintiff be allowed to live in the house.

2. That defendant continue to make the $130.00 house payments.

3. That defendant pay the plaintiff $20.00 per week.

4. That the defendant pay the plaintiff's attorney, Mr. Carter W. Jones, reasonable attorney fees in the amount of One Hundred and Fifty."

From said order defendant appealed.

*Jones, Jones and Jones, by C. Roland Krueger, for plaintiff appellee.*

*Revelle, Burleson and Lee, by L. Frank Burleson, Jr., for defendant appellant.*

MORRIS, Judge.

The defendant contends that it was error for the trial court to award alimony pendente lite and counsel fees in that there were insufficient findings of fact to support the award.

[1] In a hearing for alimony pendente lite, while it is not required that the trial judge make findings as to each allegation and evidentiary fact presented, it is necessary for the trial judge to make findings from which it can be determined upon appellate review that an award of alimony pendente lite is justified and appropriate in the case. G.S. 50-16.8 (f) ; *Sprinkle v. Sprinkle,* 17 N.C. App. 175, 193 S.E. 2d 468 (1972).

G.S. 50-16.3 provides that alimony pendente lite may be granted when:

"(1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8 (f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and

(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

In determining the amount of alimony pendente lite, G.S. 50-16.5 (a) provides:

"(a) Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case."

Furthermore, case law dictates that the trial court should take into consideration all the circumstances of the parties, including the property, earnings, earning capacity, financial needs and accustomed standard of living of the parties. *Peeler v. Peeler*, 7 N.C. App. 456, 172 S.E. 2d 915 (1970); *Sprinkle v. Sprinkle, supra; Sguros v. Sguros*, 252 N.C. 408, 114 S.E. 2d 79 (1960); 3 Strong, N. C. Index 2d, Divorce and Alimony, § 18, p. 355.

[2] Although the trial court concluded as a matter of law that the plaintiff was a "dependent spouse" and that she was "substantially in need of maintenance and support from her husband", there were no findings of fact, other than the findings that plaintiff was no longer working and that she had no other source of income, which would support these conclusions. There were no findings of fact as to plaintiff's needs and expenses, her accustomed standard of living, or her present standard of living. While it is not necessary in awarding alimony pendente lite on the basis of dependency for the trial judge to find that the wife would be unable to exist without support, it is necessary that the trial judge find facts which establish that she is subtantially in need of maintenance and support. See *Peeler v. Peeler, supra; Cannon v. Cannon*, 14 N.C. App. 716, 189 S.E. 2d 538 (1972); *Sprinkle v. Sprinkle, supra.*

The remedy of alimony pendente lite and counsel fees, established for the subsistence of the dependent spouse pending

final determination of the issues, is intended to enable her to maintain herself according to her station in life and to have sufficient funds to employ adequate counsel to meet her husband at the trial upon substantially equal terms. *Myers v. Myers*, 270 N.C. 263, 154 S.E. 2d 84 (1967); *Fogartie v. Fogartie*, 236 N.C. 188, 72 S.E. 2d 226 (1952); *Sprinkle v. Sprinkle, supra*. While the remedy is of noble intent, it should only be granted upon a finding of need. In the case at bar, the findings of fact were insufficient to support the conclusions of law that plaintiff was a dependent spouse, and that she was substantially in need of maintenance and support.

We, therefore, hold that it was error for the trial court to make an award of alimony pendente lite and to award to the plaintiff possession of the home.

Since the findings of fact are insufficient to support an award for alimony pendente lite, they are likewise insufficient to support an award of counsel fees. *Sprinkle v. Sprinkle, supra*.

The judgment below is vacated, and this cause remanded for rehearing on plaintiff-wife's application for alimony pendente lite and counsel fees.

Reversed and remanded.

Judges BRITT and BALEY concur.