LUCILLE HELSABECK DAVIS v. GROVER WORTH DAVIS

No. 7721DC149

(Filed 17 January 1978)

**Divorce and Alimony § 18.11— alimony pendente lite—insufficient means whereon to subsist—savings account**

Although the court found that plaintiff wife had a savings account of $21,000, the trial court properly concluded that she did not have sufficient funds whereon to subsist during the pendency of an action for alimony and properly awarded her alimony *pendente lite* and counsel fees where the court also found that the wife had an income of only $104 per month, the husband had a savings account of $18,000 and an income of $417 per month, and each party had reasonable living expenses of $250 per month.

APPEAL by defendant from *Harrill, Judge.* Judgment entered 28 December 1976 in District Court, FORSYTH County. Heard in the Court of Appeals 8 December 1977.

Civil action wherein plaintiff seeks alimony, possession of the homeplace and attorney's fees. A hearing was scheduled pursuant

to G.S. 50-16.8(f) to determine whether plaintiff was entitled to alimony *pendente lite*. Prior to the hearing the parties stipulated that the only issues to be determined at the hearing were "[w]hether . . . plaintiff is a dependent spouse" and "[i]f plaintiff is determined to be a dependent spouse, whether . . . she has sufficient means wherein [sic] to subside [sic] during the prosecution of this suit and to defray the necessary expenses thereof . . . ." At the conclusion of the hearing the trial court made findings of fact which are summarized as follows:

The plaintiff and defendant, who are residents of Forsyth County, were married on 28 September 1932. There were four children born of this marriage, all of whom are now emancipated. The plaintiff is 62 years of age and has never been employed. She receives social security income of $104 per month and has assets of $21,000 in savings which she inherited from her father. Plaintiff and defendant lived in their homeplace in Tobaccoville for 20 years. At this time defendant occupies the homeplace while plaintiff lives with two of their daughters. The defendant is 65 years of age. He is now retired from a position in the North Carolina Highway Department and receives social security income and state retirement benefits totaling $417.00 per month. He also has savings of $18,000. The reasonable living expenses of each party is $250 per month.

On the basis of these findings, the trial court concluded that plaintiff was a dependent spouse and that defendant was a supporting spouse; and "[t]hat the plaintiff does not have sufficient means wherein [sic] to subsist during the pendency of this action and to defray the necessary expenses thereof . . . ." The court then ordered the defendant to pay alimony *pendente lite* to plaintiff of $100 per month; to vacate the premises of the homeplace and "to make said premises available to the plaintiff"; and "to pay to John F. Morrow, Attorney for the plaintiff, $200.00 . . . ." Defendant appealed.

*Wilson and Morrow, by John F. Morrow, for the plaintiff appellee.*

*White and Crumpler, by Fred G. Crumpler, Jr., G. Edgar Parker and Michael J. Lewis, for the defendant appellant.*

HEDRICK, Judge.

The single contention brought forward and argued in defendant's brief is that the court erred in concluding that plaintiff, the dependent spouse, did not have "sufficient means wherein [sic] to subsist during the pendency of this action and to defray the necessary expenses thereof . . . ."

The controlling statute, G.S. 50-16.3(a), provides in pertinent part as follows:

"A dependent spouse who is a party to an action for . . . alimony without divorce, shall be entitled to an order for alimony pendente lite when:

(1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pentente lite is made, and

(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

Once the plaintiff is initially determined to be a "dependent spouse," as defined in G.S. 50-16.1(3), then the conditions in subsections (1) and (2) of the above statute must be met. *Cannon v. Cannon*, 14 N.C. App. 716, 189 S.E. 2d 538 (1972). In this case the parties have stipulated as to the condition imposed by subsection (1). Similarly, the defendant in his brief does not challenge the conclusion of the trial judge that the plaintiff is a "dependent spouse" within the definition of G.S. 50-16.1(3). Indeed, this conclusion is compelled by the findings of fact. Thus, the only issue for this Court to resolve is whether the trial judge has properly concluded that the second condition above has been satisfied by plaintiff.

Defendant argues that the plaintiff's savings account of $21,000 demonstrates that she does in fact have sufficient funds upon which to subsist during the pendency of this action. It has never been held by the courts of this State that the separate estate of a dependent spouse precludes an award of alimony *pendente lite*. Indeed, our courts have held that it is not

necessary that a dependent spouse "be impoverished" before she is entitled to an award of alimony *pendente lite. Peeler v. Peeler*, 7 N.C. App. 456, 462, 172 S.E. 2d 915, 919 (1970). *See also Mercer v. Mercer*, 253 N.C. 164, 116 S.E. 2d 443 (1960); *Cannon v. Cannon, supra.*

In the present case the defendant's income is approximately four times that of the plaintiff. Surely, we cannot say that under these circumstances the dependent spouse must use her meager savings during the pendency of this action while the defendant enjoys an income of four times that of his wife, and a savings account practically equal to that of his wife. We conclude that the findings of fact support the conclusions of law which in turn support the order for alimony *pendente lite* and counsel fees.

Affirmed.

Judges MORRIS and ARNOLD concur.